1   JONATHAN M. GORDON (SBN 082202)
    jonathan.gordon@alston.com
2   LEIB M. LERNER (SBN 227323)
    leib.lerner@alston.com
3   CASSANDRA HOOKS (SBN 244471)
    cassandra.hooks@alston.com
4   **ALSTON & BIRD LLP**
    333 South Hope Street, Sixteenth Floor
5   Los Angeles, California 90071
    Telephone: (213) 576-1000
6   Facsimile: (213) 576-1100

7

8   PETER ELIASBERG (SBN 189110)          DANIEL MACH (DC Bar No. 461652)
    peliasberg@ACLU-SC.ORG                dmach@dcaclu.org
9   **ACLU FOUNDATION**                   **ACLU FOUNDATION**
    **OF SOUTHERN CALIFORNIA**            **PROGRAM   ON   FREEDOM   OF**
10  1313 West Eighth Street               **RELIGION AND BELIEF**
    Los Angeles, California 90017         915 15th Street NW
11  Telephone: (213) 977-9500             Washington, DC 20005
    Facsimile: (213) 977-5299             Telephone: (202) 675-2330
12                                        Facsimile: (202) 546-0738
                                          *Pro hac vice application pending*

13  HARSIMRAN KAUR DANG, ESQ. (SBN: 264240)
    harsimran@sikhcoalition.org
14  **THE SIKH COALITION**
    39465 Paseo Padre Pkwy., Ste. 3550
15  Fremont, California 94538
    Telephone: (510) 659-0900 x92
16  Facsimile: (510) 952-3900

17  Attorneys for Plaintiff Sukhjinder S. Basra

18              **UNITED STATES DISTRICT COURT**

19             **CENTRAL DISTRICT OF CALIFORNIA**

20                    **WESTERN DIVISION**

21  SUKHJINDER S. BASRA,                  Case No. **CV 11 - 01676** SVW (FMOx)

22          Plaintiff,

23      v.                                **COMPLAINT FOR DECLARATORY
                                          AND INJUNCTIVE RELIEF AND
24  MATTHEW CATE, Secretary of the        NOMINAL DAMAGES**
    California Department of Corrections and
25  Rehabilitation, in his official capacity, and
    TERRI GONZALEZ, Warden of the
26  California Men's Colony, in her official and
    individual capacities,
27
            Defendants.
28

                                          1

## JURISDICTION AND VENUE

1.     This action for injunctive and declaratory relief and nominal damages challenges the unlawful interference by state officers and their agents with Sukhjinder S. Basra's practice of his religion. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, because the cause of action asserted arises under federal law, namely 42 U.S.C. § 2000cc-1.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## INTRODUCTORY STATEMENT

3.     Plaintiff Sukhjinder S. Basra, an inmate at the California Men's Colony Correctional Facility ("CMC") in San Luis Obispo, California, brings this action to compel Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation (the "CDCR"), and Terri Gonzalez, Warden of the CMC, and their agents to cease their unlawful interference with his practice of religion. Mr. Basra practices Sikhism and maintains his hair and beard uncut and unshaved pursuant to sincerely held religious beliefs.  A fundamental requirement of the Sikh religion is that practitioners maintain unshorn hair (Kesh) on their bodies, a requirement that includes facial hair. This mandatory article of faith signifies respect for the will of God.

4.     Mr. Basra believes that cutting his hair or beard is a violation of his Sikh religious beliefs.  Historically, some followers of Sikhism have been willing to be punished by death rather than cut their hair or shave.

5.     Mr. Basra's maintenance of his uncut beard violates a CDCR grooming policy, codified at 15 California Code of Regulations § 3062(h) (the "Grooming Policy"), which prohibits facial hair longer than one-half inch, and contains no religious exemption. As a consequence of Mr. Basra's adherence to his religious beliefs, he has faced disciplinary sanctions and exclusion from prison programs and

2

32390498 7.DOC

1    activities, including 40 hours of extra work duty, 10 days confinement to quarters with

2    no bedside visitors, and the loss of 30 days of good time credits, in violation of his

3    rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

4    42 U.S.C. §§ 2000cc-2000cc-5. So central is the maintenance of unshorn hair to Mr.

5    Basra's religious beliefs that he has endured the deprivation of privileges and become

6    subject to longer confinement in prison rather than comply with the Grooming Policy.

7        6.    Mr. Basra seeks preliminary and permanent injunctive relief barring

8    Defendants from enforcing the Grooming Policy against him, and compelling them to

9    lift all disciplinary sanctions that have been imposed upon him as a direct

10   consequence of his non-compliance with the policy, and requiring Defendants to

11   expunge his record of any reference to his having engaged in violations of the

12   Grooming Policy. He further seeks a declaration from this Court that Defendants'

13   enforcement of the Grooming Policy against him violates his rights under RLUIPA,

14   and nominal damages against defendant Gonzalez.

15                              **THE PARTIES**

16       7.    Plaintiff Basra is an inmate at CMC in San Luis Obispo, California. He is

17   a Canadian citizen who has practiced the Sikh faith his entire life.  Mr. Basra has

18   numerous male family members who similarly practice Sikhism, including adhering to

19   the requirement of keeping Kesh by not shaving their beards or cutting their hair.

20       8.    Defendant Matthew Cate is the Secretary of the CDCR and is sued in his

21   official capacity.  Secretary Cate is charged by statute with the supervision and

22   management of CDC and its facilities and the enforcement of its policies, including

23   the Grooming Policy. Upon information and belief, CDCR receives federal financial

24   assistance.

25       9.    Defendant Terri Gonzalez is the warden of the CMC and is sued in her

26   official and individual capacities.  Warden Gonzalez is responsible for the enforcement

27   of CDCR policies, including the Grooming Policy, at CMC.

28
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

32390498 7.DOC

# FACTUAL BACKGROUND

**A.   Plaintiff's Incarceration**

10.   Mr. Basra was originally held at the Pleasant Valley State Prison (the "PVSP"). After one year of discipline-free incarceration at PVSP, the CDCR transferred Mr. Basra to the CMC on or about February 26, 2010. At the CMC, Mr. Basra is kept in an unlocked, 90-person dormitory room, and has more extensive privileges than when he was held in PVSP, including having additional yard time and no longer living in a 2-man jail cell.

11.   The ability to retain his privileges at the CMC, and to not be transferred to a more restrictive confinement either at the CMC or another prison in the CDCR system, depends largely upon Mr. Basra's continued good behavior and lack of CDCR discipline. Each time that Mr. Basra is disciplined, for any reason, he receives a number of "points." Once the total points reach a certain number, Mr. Basra's status will change, and he will be transferred out of his current CMC assignment, where he is held under minimum security.

**B.   Plaintiff Basra Practices Sikhism and Maintains His Hair and Beard Uncut**

12.   Plaintiff Basra practices Sikhism and maintains his hair and beard uncut and unshaved pursuant to sincerely held religious beliefs. A fundamental requirement of the Sikh religion is that practitioners maintain unshorn hair (Kesh) on their bodies, a requirement that includes facial hair.

13.   According to the Sikh faith, cutting one's hair or beard is a grave violation of the Sikh code of conduct. Historically, some followers of Sikhism have been willing to be punished by death rather than cut their hair or shave. The practice of maintaining unshorn hair signifies respect for the will of God and is a fundamental requirement of the Sikh religion. It is therefore forbidden for Sikhs to cut their hair without violating the requirements of their religion.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

32390498 7.DOC

**C.      CDCR's Grooming Policy**

14.     The Grooming Policy, in pertinent part, provides as follows:

> Facial hair, including short beards, mustaches, and sideburns are permitted for male inmates and shall not extend more than one-half inch in length outward from the face.

15 CCR § 3062(h).

15.     Pursuant to Section 3062, an inmate who fails to comply with the Grooming Policy may be deemed a "program failure" and may be subject to "progressive discipline and classification committee review for appropriate housing and program placement." 15 CCR § 3062(m).

16.     A "program failure" is defined as:

> [A]ny inmate who generates a significant disciplinary history within the last 180 days from the current date. A guilty finding for two serious Rules Violation Reports or one serious and two administrative Rules Violation Reports within that 180 day time period is reasonable evidence of a significant disciplinary history and may be considered a program failure.

15 CCR § 3000.

**D.      Defendants' Unlawful Actions**

17.     While Mr. Basra was incarcerated in a more restrictive setting at PVSP, and in the initial states of his confinement at CMC, the CDCR never warned Mr. Basra that he could not keep his beard or that he was violating any law or policy by maintaining his uncut beard. The only time CDCR employees ever made any effort to inspect Mr. Basra's beard was when he was processed at CDCR's inmate reception center, where he was asked to part his beards with his hands. Since then, and to the date of this Complaint, no CMC employee has ever searched Mr. Basra's beard, run a metal detector wand over his beard, asked him to part or run his fingers through his beard, or accused Mr. Basra of hiding any contraband in his beard. Even when the prison guards performed periodic dormitory-wide searches on all inmates, including body searches and inspections, no guard has ever felt it necessary to physically manipulate Mr. Basra's beard, run a metal detector wand over his beard, or ask him to part or run his fingers

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

32390498 7.DOC

1  through his beard, for any reason.

2      18.    Nevertheless, beginning in March 2010, the CDCR began to persecute Mr.

3  Basra for retaining his beard. Since that time, Defendants have subjected Plaintiff Basra

4  to punishment, including a loss of privileges and several disciplinary proceedings, as a

5  direct consequence of their enforcement of the Grooming Policy.

6      19.    On April 3, 2010, Mr. Basra was issued a Rules Violation Report (RVR),

7  log# CMC-W-U4-10- 03-0030, for violating the California Code of Regulations, CCR

8  §3062 (h), "Grooming Standards," for the specific act of "Facial Hair Longer Than 1/2

9  inch," an Administrative Offense.   In the charge, the Reporting Employee (RE),

10  Correctional Officer R. Stenhouse, documented that on March 29, 2010, he observed

11  Mr. Basra to be out of compliance with CDCR Grooming Standards, specifically having

12  facial hair longer than 1/2 inch. The RVR was heard by Unit 4 Program Sergeant C. D.

13  Burkhammer on April 5, 2010. At the administrative hearing, Mr. Basra defended

14  himself based on the fact that he grows his beard long due to his religious beliefs and

15  that CDCR grooming standards violate Mr. Basra's religious beliefs. Mr. Basra was

16  found "Guilty" of the charge, assessed 40 hours of extra duty, counseled and

17  reprimanded. Mr. Basra appealed the charge (CMC Appeal Log # CMC-W-10-00743),

18  and then pursued his appeal through all three levels of administrative review. All of his

19  appeals were denied and, on July 19, 2010, the Inmate Appeals Branch informed Mr.

20  Basra that he had exhausted his administrative remedies.

21      20.    On April 30, 2010, Mr. Basra was issued a second RVR, log# CMC-W-

22  U4-10-04-0022, for violating the California Code of Regulations CCR§ 3062 (h),

23  "Grooming Standards," for the specific act of "Facial Hair Longer Than 1/2 inch," an

24  Administrative Offense.   In the charge, the RE, Correctional Sergeant R. W. Haislip,

25  documented that on April 24, 2010, he observed Mr. Basra to be out of compliance

26  with CDCR Grooming Standards, specifically having facial hair longer than 1/2 inch.

27  The RVR was heard by Unit 4 Program Sergeant C. D. Burkhammer (HO), on May 3,

28

6

32390498 7.DOC

2010. Mr. Basra's defense was based on the fact that he grows his beard long due to his religious beliefs and that CDCR grooming standards violate his religious beliefs. Mr. Basra was found "Guilty" of the charge, assessed 10 hours of Extra Duty, suspended pending 30 days disciplinary free conduct, counseled and reprimanded. Mr. Basra appealed the charge, CMC Appeal Log # CMC-E-10-00962. Mr. Basra pursued his appeal through all three levels of administrative review.  All of his appeals were denied and, on July 19, 2010, the Inmate Appeals Branch informed Mr. Basra that he had exhausted his administrative remedies.

21.   On June 28, 2010, Mr. Basra was issued a third RVR, log# CMC-W-U4-10-04-0002, for violating the California Code of Regulations CCR§ 3062 (h), "Grooming Standards," for the specific act of "Facial Hair Longer Than 1/2 inch," an Administrative Offense. In the charge, the RE, Correctional Officer D. Van Nostran, documented that on June 28, 2010, he had observed Mr. Basra to be out of compliance with CDCR Grooming Standards, specifically having facial hair longer than 1/2 inch. On July 10, 2010, the RVR was heard by Senior Hearing Officer Lieutenant J.C. Steck (SHO). Mr. Basra's defense was based on the fact that he grows his beard long due to his religious beliefs and that CDCR grooming standards violate his religious beliefs. Mr. Basra was found "Guilty" of the charge, assessed 40 hours of extra duty, received a 30 day Work Time Credit Loss, 10 days confinement to quarters,[1] and referral to program review for possible determination of a program failure. Mr. Basra appealed the charge, CMC Appeal Log # CMC-W-10-01500.  Mr. Basra pursued his appeal through all three levels of administrative review.  More than 60 working days have passed since the CDCR Appeals Chief received Mr. Basra's third level appeal, and Mr. Basra has therefore exhausted his administrative remedies.

22.   Mr. Basra served and completed all of the prescribed punishment for the

---

[1] Confinement to quarters means Mr. Basra must stay in his bunk and can only leave to eat, use the rest room, and for medical attention. He also loses his rights to visitation, phone calls, yard access, day room, canteen, quarterly packages and accrual of excused time off.

1    three alleged "offenses," and his good time work credits have been restored.

2        23.    The offense and punishment records continue to blot Mr. Basra's

3    otherwise exemplary prison record.  If not for being disciplined for his religious

4    beliefs, Mr. Basra would have a model record in prison and would be entitled to all

5    benefits granted to prisoners at his security level.

6        24.    On July 19, 2010, Mr. Basra submitted to Defendant Gonzalez a request

7    for exemption (the "Exemption Request"), asking for permission to leave his beard

8    uncut in accordance with his religious beliefs, and to avoid further discipline.  In a

9    letter dated July 28, 2010, the CDCR denied Mr. Basra's request, stating in pertinent

10   part:

11       For clarification, you are not being discriminated against, as you allude to
         in your letter....You are being treated the same as the other inmates at
12       CMC.

13       You may have a beard, but you must keep it trimmed to no more than
         one-half inch in length.  There is no provision in the CCR, Title 15 for
14       the Warden to exempt the grooming standards.

15       25.    As a result of the Grooming Policy, Mr. Basra has suffered and likely

16   will continue to suffer disciplinary sanctions, including but not limited to the

17   following: (1) loss of visitation rights; (2) extra duties; (3) loss of assignment to

18   particular duties; (4); extra restrictions or confinement; and (5) loss of Work Time

19   Credit or risk of loss of credits in the future.

20       E.    *Warsoldier* **Decision**

21       26.    Mr. Basra's plight is perplexing in light of the 9th Circuit decision in

22   *Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005), in which the Court concluded

23   that the plaintiff had demonstrated a likelihood of success on the merits of his claim

24   that California's grooming policy prohibiting long hair violated RLUIPA, 42 U.S.C. §

25   2000cc-1.  Former 15 CCR § 3062(e) limited hair length to 3 inches.  Mr. Warsoldier,

26   a Native American who kept his hair long on account of his religious beliefs, was

27   disciplined by the CDCR for violations of the grooming policy.  As a direct result of

28
                                          8

32390498 7.DOC

1    the Warsoldier case, California revised the regulation to permit "any length" of hair.

2    CCR § 3062(e).

3        27.    California did not change CCR § 3062(h) following the decision in the

4    *Warsoldier* case.  Yet there is no explanation as to why Mr. Basra should be entitled

5    to less protection under RLUIPA for his beard than Mr. Warsoldier was entitled to for

6    his hair.

7                        **REQUISITES FOR RELIEF**

8        28.    By reason of the factual allegations set forth above, an actual controversy

9    has arisen and now exists between Plaintiff and Defendants. Mr. Basra contends that

10   the Grooming Policy, as applied to him, violates RLUIPA, 42 U.S.C. § 2000cc-1.

11   Defendants are charged with enforcing the Grooming Policy, and have done so

12   repeatedly even though it infringes upon Mr. Basra's right to practice his religious

13   beliefs freely. A declaration from this Court that the challenged provision violates Mr.

14   Basra's rights is therefore necessary and appropriate.

15       29.    Defendants' enforcement of the Grooming Policy against Mr. Basra has

16   caused and will continue to cause him irreparable harm, including but not limited to

17   the violation of his rights under RLUIPA. Plaintiff Basra has no plain, adequate, or

18   complete remedy at law to address the wrongs described herein. Mr. Basra therefore

19   seeks injunctive relief restraining Defendants from unlawfully enforcing the

20   Grooming Policy against him.

21                        **CLAIM FOR RELIEF**

22       (Violation of the Religious Land Use and Institutionalized Persons Act)

23                        42 U.S.C. § 2000cc-1

24       30.    Plaintiff Basra incorporates paragraphs 1 through 29 of this Complaint as

25   if fully set forth herein.

26       31.    RLUIPA applies to any program or activity that receives federal financial

27   assistance.   Upon information and belief, the CDCR receives federal financial

28

9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

32390498 7.DOC

1   assistance.

2       32.    The Grooming Policy substantially burdens Mr. Basra's exercise of

3   religion by compelling him to choose between incurring serious disciplinary sanctions

4   and violating a fundamental tenet of his faith.

5       33.    The Grooming Policy is not the least restrictive means of furthering any

6   compelling government interest.

7       34.    The Grooming Policy's requirement that facial hair shall extend no

8   longer than one-half inch, as applied to Plaintiff Basra, violates RLUIPA, 42 U.S.C. §

9   2000cc-1.

10                          **PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in

12  his favor:

13      a.    Declaring that the Grooming Policy's requirement that facial hair shall

14  extend no longer than one-half inch, set forth in 15 California Code of Regulations §

15  3062(h), as applied to Plaintiff, unlawfully burdens Plaintiff's right to practice his

16  religion in violation of RLUIPA, 42 U.S.C. § 2000cc-1;

17      b.    Enjoining Defendants from enforcing the Grooming Policy's facial hair-

18  length restrictions against Plaintiff;

19      c.    Compelling Defendants to remove and expunge from his record all

20  disciplinary sanctions that Defendants and their agents have imposed upon Plaintiff as

21  a consequence of his non-compliance with the Grooming Policy;

22      d.    Awarding Plaintiff nominal damages;

23      e.    Awarding Plaintiff his expenses, costs, fees, and other disbursements

24  associated with the filing and maintenance of this' action, including reasonable

25  attorneys' fees pursuant to 42 U.S.C. § 1988; and

26      f.    Awarding such other equitable and further relief as the Court deems just

27  and proper.

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

32390498 7.DOC

DATED:  February 25, 2011

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

JONATHAN M. GORDON
LEIB M. LERNER
CASSANDRA E. HOOKS
**ALSTON & BIRD LLP**

By: _____
                         Leib M. Lerner

and

PETER ELIASBERG
**ACLU FOUNDATION
OF SOUTHERN CALIFORNIA**

and

DANIEL MACH
**ACLU FOUNDATION
PROGRAM ON FREEDOM OF RELIGION AND
BELIEF**

and

HARSIMRAN KAUR DANG, ESQ.
**THE SIKH COALITION**

Attorneys for Plaintiff Sukhjinder S. Basra

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

32390498 7.DOC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 1676 SVW (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Leib M. Lerner (SBN 227323)
leib.lerner@alston.com
ALSTON & BIRD LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile (213) 576-1100
Attorneys for Plaintiff Sukhjinder S. Basra

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHJINDER S. BASRA<br><br>PLAINTIFF(S)<br><br>V.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, in his official capacity, and TERRI GONZALEZ, Warden of the California Men's Colony, in her official and individual capacities<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-01676** SVW (FMOX)<br><br><br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, in his official capacity, and TERRI GONZALEZ, Warden of the California Men's Colony, in her official and individual capacities</u>

    A lawsuit has been filed against you.

    Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Leib M. Lerner, ALSTON & BIRD LLP</u>, whose address is <u>333 S. Hope Street, Sixteenth Floor, Los Angeles, CA 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: _____  FEB 2 5 2011

Clerk, U.S. District Court

By: _____
              Deputy Clerk

JULIE PRADO

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SUKHJINDER S. BASRA

**DEFENDANTS**
MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, in his official capacity, and TERRI GONZALEZ, Warden of the California Men's Colony, in her official and individual capacities

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Leib M. Lerner (SBN 227323)
ALSTON & BIRD LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
(213) 576-1000

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT: $** Nominal Damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.— Grooming Policy substantially burden's Plaintiff's exercise of religion

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**CV11- 01676**

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☒  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date February 25, 2011

Attorneys for Plaintiff Sukhjinder S. Basra

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com