JONATHAN M. GORDON (SBN 082202)
jonathan.gordon@alston.com
LEIB M. LERNER (SBN 227323)
leib.lerner@alston.com
CASSANDRA HOOKS (SBN 244471)
cassandra.hooks@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100

PETER ELIASBERG (SBN 189110)          DANIEL MACH (DC Bar No. 461652)
peliasberg@ACLU-SC.ORG                dmach@dcaclu.org
**ACLU FOUNDATION**                      **ACLU FOUNDATION**
**OF SOUTHERN CALIFORNIA**               **PROGRAM    ON    FREEDOM    OF**
1313 West Eighth Street                  **RELIGION AND BELIEF**
Los Angeles, California 90017            915 15th Street NW
Telephone:  (213) 977-9500              Washington, DC  20005
Facsimile:   (213) 977-5299             Telephone:  (202) 675-2330
                                        Facsimile:  (202) 546-0738
                                        *Pro hac vice application pending*

HARSIMRAN KAUR DANG, ESQ. (SBN: 264240)
harsimran@sikhcoalition.org
**THE SIKH COALITION**
39465 Paseo Padre Pkwy., Ste. 3550
Fremont, California 94538
Telephone: (510) 659-0900 x92
Facsimile: (510) 952-3900

Attorneys for Plaintiff Sukhjinder S. Basra

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SUKHJINDER S. BASRA,<br><br>             Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, in his official capacity, and TERRI GONZALEZ, Warden of the California Men's Colony, in her official and individual capacities,<br><br>             Defendants. | Case No.: CV11-01676 SVW(FMOx)<br><br>**DECLARATION OF SUKHJINDER S. BASRA IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Honorable Stephen V. Wilson<br><br>Hearing Date:       April 4, 2011<br>Time:                      1:30 p.m.<br>Courtroom:            6<br><br>Complaint Filed: February 25, 2011 |

I, Sukhjinder S. Basra, declare as follows:

1.     I am 26 years of age, and an inmate currently incarcerated at the California Men's Colony (the "CMC") in San Luis Obispo, California, a facility of the California Department of Corrections and Rehabilitation (the "CDCR").   My CDCR number is G45891.

2.     I have personal knowledge of the facts set forth in this declaration and if called as a witness, could and would testify competently to them.

3.     I make this declaration in support of the Motion for Preliminary and Permanent Injunction that is being concurrently filed, to compel Matthew Cate, Secretary of the CDCR, and Terri Gonzalez, Warden of the CMC, and their agents to cease their unlawful interference with the practice of my religion.

4.     I have practiced the Sikh faith my entire life.  I have always maintained my hair and beard uncut and unshaved pursuant to my sincerely held religious beliefs.  The most important outward symbol of professing the Sikh faith is Kesh, which is the practice of allowing one's hair to grow naturally out of respect for the perfection of God's creation.  I have numerous male family members who similarly practice Sikhism, including adhering to Kesh by not shaving their beards or cutting their hair.

5.     Pursuant to my faith, I believe that cutting my hair or beard is sinful.  It is forbidden for Sikhs to cut their hair without violating their religion and committing a grievous sin.  Uncut hair symbolizes a respect for the perfection of God's creation, and is required for a Sikh to be classified as pure.  Historically, some followers of Sikhism have been willing to be punished by death rather than cut their hair or shave.

6.     CMC officials have told me that my uncut beard violates a CDCR grooming policy, codified at 15 California Code of Regulations § 3062(h) (the "Grooming Policy"), which prohibits facial hair longer than one-half inch. As a consequence of my adherence to my religious beliefs, I have faced disciplinary

1    sanctions and exclusion from prison programs and activities, including 40 hours of

2    extra work duty, 10 days confinement to quarters with no bedside visitors, and the

3    loss of 30 days of good time credits.  So central is the maintenance of long hair to my

4    religious beliefs, I have endured the deprivation of privileges and become subject to

5    longer confinement in prison rather than comply with the Grooming Policy.

6        7.    I was originally held at the Pleasant Valley State Prison (the "PVSP").

7    After one year of discipline free incarceration at PVSP, the CDCR transferred me to

8    the CMC on February 26, 2010.  At the CMC, I am kept in an unlocked, 90-person

9    dormitory room, and have more extensive privileges than when I was held in PVSP.

10   For example, I have substantially more yard time than I did at PVSP and do not live

11   in a locked 2-man jail cell, as I did at PVSP.

12       8.    The ability to retain my privileges at the CMC, and to not be transferred

13   to a more restrictive confinement either at the CMC or another prison in the CDCR

14   system, depends largely upon my continued good behavior and lack of CDCR

15   discipline.  Each time that I am disciplined, for any reason, I receive a number of

16   "points." Once the total points reach a certain number, my status will change, and I

17   may be transferred out of his current CMC assignment, where I am held under

18   minimum security.

19       9.    While I was incarcerated at the more restrictive PVSP, and in the initial

20   states of my confinement at CMC, the CDRC never warned me that I could not keep

21   my beard or that I was violating any law or policy by maintaining my uncut beard.  I

22   was never disciplined while I was at PVSP for having my beard longer than ½ inch,

23   even though I was housed in a higher security setting at PVSP than at CMC.

24       10.   When I first entered the state system through the inmate reception center, I

25   was asked to run my fingers through my beard in front of guards.  Since then, however,

26   no CMC employee has ever searched my beard or asked me to run my fingers through

27   my beard in front of them.  Nor have I ever been accused me of hiding any contraband

28

32413786 2.DOC

in my beard.  Even when the prison guards performed periodic dormitory-wide searches on all inmates, including body searches and inspections, no guard has ever felt it necessary to physically manipulate my beard, run a metal detection wand over it, or ask me to part my beard or run my fingers though it in front of them, for any reason.

11.    Nevertheless, beginning in March 2010 after I had transferred to CMC, the CDCR began to persecute me for retaining my beard.  Since that time, Defendants have subjected me to punishment, including a loss of privileges and several disciplinary proceedings, as a direct consequence of their enforcement of the Grooming Policy.

12.    On April 3, 2010, the CMC issued to me a Rules Violation Report (RVR), log# CMC-W-U4-10- 03-0030, for violating the California Code of Regulations, CCR §3062 (h), "Grooming Standards," for the specific act of "Facial Hair Longer Than 1/2 inch," an Administrative Offense.   In the charge, the Reporting Employee (RE), Correctional Officer R. Stenhouse, documented that on March 29, 2010, he observed me to be out of compliance with CDCR Grooming Standards, specifically having facial hair longer than 1/2 inch. The RVR was heard by Unit 4 Program Sergeant C. D. Burkhammer on April 5, 2010. At the administrative hearing, I defended myself based on the fact that I grow my beard long due to my religious beliefs and that CDCR grooming standards violate my religious beliefs.  I was found "Guilty" of the charge, assessed 40 hours of extra duty, counseled and reprimanded.  I appealed the charge (CMC Appeal Log # CMC-W-10-00743), and then pursued my appeal through all three levels of administrative review.  All of my appeals were denied and, on July 19, 2010, the Inmate Appeals Branch informed me that I had exhausted my administrative remedies.  A true and correct copy of the RVR and CMC decision is attached hereto as **Exhibit 1**.

13.    On April 30, 2010, the CMC issued to me a second RVR, log# CMC-W-U4-10- 04-0022, for violating the California Code of Regulations CCR§ 3062 (h), "Grooming Standards," for the specific act of "Facial Hair Longer Than 1/2 inch," an

1   Administrative Offense. In the charge, the RE, Correctional Sergeant R. W. Haislip,
2   documented that on April 24, 2010, he observed me to be out of compliance with
3   CDCR Grooming Standards, specifically having facial hair longer than 1/2 inch. The
4   RVR was heard by Unit 4 Program Sergeant C. D. Burkhammer (HO), on May 3,
5   2010. My defense was based on the fact that I grow my beard long due to my
6   religious beliefs and that CDCR grooming standards violate my religious beliefs. I
7   was found "Guilty" of the charge, assessed 10 hours of Extra Duty, suspended
8   pending 30 days disciplinary free conduct, counseled and reprimanded.  I appealed
9   the charge, CMC Appeal Log # CMC-E-10-00962.  I pursued my appeal through all
10  three levels of administrative review.  All of my appeals were denied and, on July 19,
11  2010, the Inmate Appeals Branch informed me that I had exhausted my
12  administrative remedies. A true and correct copy of the RVR and CMC decision is
13  attached hereto as **Exhibit 2**.

14        14.    On June 28, 2010, the CMC issued me a third RVR, log# CMC-W-U4-
15  10- 04-0002, for violating the California Code of Regulations CCR§ 3062 (h),
16  "Grooming Standards," for the specific act of "Facial Hair Longer Than 1/2 inch," an
17  Administrative Offense. In the charge, the RE, Correctional Officer D. Van Nostran,
18  documented that on June 28, 2010, he observed me to be out of compliance with
19  CDCR Grooming Standards, specifically having facial hair longer than 1/2 inch. On
20  July 10, 2010, the RVR was heard by Senior Hearing Officer Lieutenant J.C. Steck
21  (SHO).  My defense was based on the fact that I grow my beard long due to my
22  religious beliefs and that CDCR grooming standards violate my religious beliefs.  I
23  was found "Guilty" of the charge, assessed 40 hours of extra duty, received a 30 day
24  Work Time Credit Loss, 10 days confinement to quarters,[1] and referral to program
25  review for possible determination of a program failure. I appealed the charge, CMC

26

---

27  [1] Confinement to quarters means I must stay in my bunk and can only leave to eat, use the
28  rest room, and for medical attention. I also lose my rights to visitation, phone calls, yard
    access, day room, canteen, quarterly packages and accrual of excused time off.

32413786 2.DOC

Appeal Log # CMC-W-10-01500.  I pursued my appeal through all three levels of administrative review.  More than 60 working days have passed since the CDCR Appeals Chief received my third level appeal, and I understand that I have exhausted my administrative remedies. A true and correct copy of the RVR and CMC decision is attached hereto as **Exhibit 3**.[2]

15.    I served and completed all of the prescribed punishment for the three alleged "offenses" and my good time work credits have been restored.

16.    The offense and punishment records continue to blot my otherwise exemplary prison record.  If not for being disciplined for my religious beliefs, I would have a model record in prison and would be entitled to all benefits granted to prisoners at my security level.

17.    On July 19, 2010, I submitted to Defendant Gonzalez a request for exemption (the "Exemption Request"), asking for permission to leave my beard uncut in accordance with his religious beliefs, and to avoid further discipline.  In a letter dated July 28, 2010, the CDCR denied my request, in pertinent part:

> For clarification, you are not being discriminated against, as you allude to in your letter....You are being treated the same as the other inmates at CMC.
>
> You may have a beard, but you must keep it trimmed to no more than one-half inch in length.  There is no provision in the CCR, Title 15 for the Warden to exempt the grooming standards.

A true and correct copy of my July 19, 2010 Exemption Request and the CDCR's July 28, 2010 response is attached hereto as **Exhibit 4**.

18.    As a result of the Grooming Policy, I have suffered and am worried that I will continue to suffer disciplinary sanctions, including but not limited to the following: (1) loss of visitation rights; (2) extra duties; (3) loss of assignment to particular duties; (4); extra restrictions or confinement and (5) loss of Work Time

---

[2] Only the second level appeal decision is available, although more than 60 working days have passed since I filed my third level appeal.

**DECLARATION OF SUKHJINDER S. BASRA**

32413786 2.DOC

1   Credit or risk of loss of credits in the future.

2       I declare under penalty of perjury under the laws of the United States of

3 America that the foregoing is true and correct and that this declaration was executed

4 on January 26, 2011, at San Luis Obispo, California.

5

6                                 Sukhjinder S. Basra

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

32413786 2.DOC

EXHIBIT 1

State of California                                           Department of Corrections and Rehabilitation

# Memorandum

Date      :   May 9, 2010

To        :   BASRA, SUKHJINDER
              G-45891
              Unit-4, 23-26L, California Men's Colony, West Facility

Subject   :   **FIRST LEVEL REVIEW**
              **CMC APPEAL LOG # CMC-W-10-00743**

              **APPEAL DENIED**

              A review of your appeal has been completed. Your complaint, including
              requested remedial action, has received careful consideration.

              **APPEAL ISSUE:**
              1.   Your appeal issue, made complicated by stilted legal jargon states that the
                   CDCR and Title 15 rules regarding inmate Grooming Standards do not take
                   into account an inmates religious status.

              **ACTION REQUESTED:**
              1.   You are asking to be "Restored" to non-disciplinary status.
              2.   You are asking that that disciplinary actions regarding grooming standards
                   towards you cease.
              3.   You are asking that this Rules Violation Report (CMC-U4-10-03-0030) for
                   grooming standards be "Expunged" from your record.

              **DETERMINATION:**
              ▪    Your appeal was reviewed and assigned pursuant to CCR, Title 15, Section
                   3084.5.

              **INTERVIEW OF INMATE BASRA, S, G-45891:**
              At approximately 2000 hours on May 11, 2010, a personal interview was
              conducted with you by Unit-II Program Sergeant T.T. Bean where you reiterated
              your contentions as documented in the body of your CDC 602.

              During the interview you stated that, you felt that the changes needed to
              accommodate your "Actions requested" could not be authorized during a first
              level appeal. You also stated that your intentions were not specifically to change
              the polices of the California Department of Corrections and Rehabilitation
              regarding Grooming Standards, but only to follow your religious beliefs without
              reprisal. You had nothing further to add, and the interview was concluded.

4

CMC APPEAL LOG # CMC-W-10-00743
Page 2 of 2

**APPLICABLE DOCUMENTATION / EVIDENCE ASSOCIATED WITH APPEAL:**
1. Used for review: CDCR 602, Appeal and related documents.

**REGULATIONS:** The rules governing this issue are:
1. CCR, Title 15: Section 3138, Indigent Inmates.
2. CCR, Title 15: Section 3062, Inmate Grooming Standards.

**RESPONSE:**
1. Your appeal is Denied, in that, Sergeant C. Burkhammer acted within the guide lines of the CCR Title 15 during the hearing process and you were found guilty based on a preponderance of evidence.
2. Your appeal is Denied, in that, you are obligated to comply with the rules of the California Department of Corrections and Rehabilitation and it's supported written disciplinary policies.
3. Your appeal is Denied, in that, Sergeant C. Burkhammer acted within the guide lines of the CCR Title 15 during the hearing process and you were found guilty based on a preponderance of evidence. Also, you have not been able to provide any evidence that Burkhammer failed in his duties during the hearing based on the rules as he interprets them in the CCR Title 15.

**CONCLUSION:**
Based on the aforementioned, your appeal is Denied at the First Level. Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on your Inmate Appeal Form (CDC 602), requesting further review.

**APPEAL DENIED**


J. L. Cutillo
Associate Warden, West Facility
California Mens Colony

·State of California                                      Department of Corrections and Rehabilitation

# Memorandum

Date      :   June 1, 2010

To        :   BASRA, Sukhjinder (G-45891)
              Unit 4, Dorm 34-26Low
              California Men's Colony-West

Subject   :   **SECOND LEVEL REVIEW CMC APPEAL LOG # CMC-W-10-00743**

Appeal: Denied

A review of your appeal has been completed.   Your complaint, including requested remedial action, has received careful consideration.

APPEAL ISSUE:
On 04/03/2010, you were issued a Rules Violation Report (RVR), log# CMC-W-U4-10-03-0030, for violating the California Code of Regulations, CCR §3062 (h), "Grooming Standards", for the specific act of "Facial Hair Longer Than ½ inch", an Administrative Offense.   In the charge, the Reporting Employee (RE), Correctional Officer R. Stenhouse, documented that on March 29, 2010, he observed you to be out of compliance with CDCR Grooming Standards, specifically having facial hair longer than ½ inch.   The RVR was heard by Unit 4 Program Sergeant C. D. Burkhammer on 04/05/2010.  Your defense was based on the fact that you grow your beard long due to your religious beliefs and you feel that CDCR grooming standards go against your religious beliefs. You were found "Guilty" of the charge, assessed 40 hours of extra duty, counseled and reprimanded.   You filed a first level appeal on this issue requesting (1) the "Guilty" finding to be dismissed, (2) and that disciplinary actions regarding Grooming Standards towards you, cease.   Your appeal was denied and you therefore filed this 2nd Level appeal in which you basically request the same actions as listed on your first level appeal.  In your appeal you claim that you are not guilty of the charge based on the following reasons:

1.     You state that the Hearing Officer abused the power vested on him by finding you guilty of the charge.   You basically state that by adhering to CDCR rules and regulations, he is violating your First Amendment rights to the free exercise of religion.

2.     You also state that Officer Stenhouse, Sergeant Haislip, and Sergeant Burkhammer have continued to violate your 1st Amendment Rights by prosecuting you for not defiling your religion.  You have submitted Exhibits A and B, which are two pages which define your religion and which explain your need to let your facial hair grow.

10

CMC APPEAL LOG # CMC-W-10-00743
PAGE 2 of 3

ACTION REQUESTED:
1.      That in conformity with the Federal Law stated in your appeal, and with the
        Exhibits that you submitted as regards to your Religious beliefs, that the RVR be
        dismissed.
2.      That staff cease further disciplinary action regarding this issue.

INTERVIEWS:
On May 30, 2010, J.T. Torres, Correctional Lieutenant, conducted a personal interview
with you in the Unit 2 Program Office. You reiterated the issues that are documented in
your written appeal and requested the same action be taken. Lieutenant Torres asked if
Officer Stenhouse, Sergeant Haislip, or Sergeant Burkhammer had acted indifferent or
disrespectful regarding this issue and you stated that they had not. You stated that they
had all been very professional with you in regards to this issue. You stated that you
realize that they are attempting to enforce CDCR rules and regulations, however you
feel that this is in violation of your rights to practice your religion. You had noting else to
add and the interview was concluded.

APPLICABLE DOCUMENTION / EVIDENCE ASSOCIATED WITH APPEAL:
*   Submitted appeal # CMC-W-10-00743.
*   RVR # CMC-W-U4-10-03-0030.
*   First level response to appeal #CMC-W-10-00743.
*   California Code of Regulations, (CCR Title 15), CCR§ 3001, Subject to
    Regulations.
*   California Code of Regulations (CCR Title 15), CCR§ 3062 (h), Inmate
    Grooming Standards, specifically "Facial Hair".
*   California Code of Regulations CCR§ 3005 (a), Conduct, (Inmates and
    parolees shall obey all laws, regulations, and local procedures etc.).
*   California Code of Regulations, Subchapter 3, Article 1 (Religious Program).

RESPONSE:
1.  Your contention that the Hearing Officer violated your First Amendment rights by
    finding you "Guilty" is incorrect. The Hearing Official is adhering to Departmental
    Rules and Regulations and is not prohibiting you from practicing your religion.
2.  Your contention that Officer Stenhouse, Sergeant Haislip, and Sergeant
    Burkhammer have continued to violate your First Amendment rights because they
    continue to persecute you for practicing your religion is also incorrect. Again, they
    are only enforcing rules and regulations established by the Department of
    Corrections and Rehabilitation.

7

CMC APPEAL LOG #CMC-W-10-00743
PAGE 3 of 3

CONCLUSION:
A review of your appeal has been completed.  There were no time constraints or due process violations by either the Reporting Employee or the Hearing Official.  In the interview with Lieutenant Torres you stated that staff had acted professional in their dealings with you.  Perhaps you can address this issue by reviewing CCR§ 3213 (Stipulations regarding Religious Artifacts, Sanctuaries, and Sacramental Wine), by requesting a written approval from the Warden or designee to be allowed to grow your beard due to your religious beliefs, otherwise you have to comply with the present policy.  You have referred to several Federal Regulations in defending your case, however, the decisions of this office are made consistent with the regulations and policies governing the appeal process.  We cannot consider nor respond to legal arguments, as to do so would exceed the scope of our authority. Therefore, your appeal is denied.  Should you be dissatisfied with this appeal decision, you may, following the instructions listed on the inmate appeal form (CDCR-602), request a director's review.

APPEAL DENIED

T. L. GONZALEZ
Warden
California Men's Colony

12

BASRA, SUKHJINDER          G-45891          23-26 LOW

LOG NO. 10-00962

## DIRECTOR'S LEVEL REVIEW

[H. DATA AND REASONS REQUESTING REVIEW]

1. THE ISSUES TO BE ADDRESSED ARE WHETHER I MUST COMPLY WITH PRISON GROOMING STANDARDS THAT ARE NOT IN ACCORD WITH MY RELIGIOUS BELIEFS, AND;

    A. IF THE 'BALANCE OF HARDSHIP' FAVORS ME IN COMPLYANCE WITH THOSE STANDARDS, AND,

    B. IF THOSE STANDARDS CONSTITUTE A SUBSTANTIAL BURDEN ON THE EXERCISE OF MY RELIGIOUS BELIEFS,

    C. DO I FACE THE POSSIBILITY OF IRREPARABLE INJURY TO MY RELIGIOUS PRACTICE, AND,

    D. DOES MY CLAIM MERIT THE GRANT OF RELIEF TO DEMONSTRATING THE EXISTENCE OF A COLORABLE FIRST AMENDMENT CLAIM.

IN SUPPORT OF THE ABOVE:

2. RELIGIOUS FREEDOM GUARANTEED TO ALL PEOPLE BY THE FIRST AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION EXTENDS TO PRISONERS AS WELL.

                                AND

3. CALIFORNIA STATUTE UNDER PENAL CODE §5009 'OPPORTUNITY TO EXERCISE RELIGIOUS FREEDOM (a) IT IS THE INTENTION OF THE LEGISLATURE THAT ALL PRISONERS SHALL BE AFFORDED REASONABLE OPPORTUNITY TO EXERCISE RELIGIOUS FREEDOM.

4. CDCR IS SUBJECT TO COMPLYANCE UNDER CALIFORNIA PENAL CODE AS WELL AS THE FEDERAL 'RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000' (RLUIPA).

    A. CASE IN POINT IS THE 'BEARD-LENGTH GROOMING STANDARD THAT I WAS FOUND GUILTY OF VIOLATING (LISTED BELOW).

    B. TITLE 15 §3062(h) WAS MODIFIED AFTER A FEDERAL COURT ISSUED A SERIES OF INJUNCTIONS BANNING PRISON OFFICIALS AT CSP-SOLANO FROM DISCIPLING MUSLIM PRISONERS FOR WEARING BEARDS IN VIOLATION OF CDCR GROOMING STANDARDS.

    C. CDCR THEN RELAXED ITS FORMER STRICT GROOMING STANDARDS TO ENABLE PRISONERS TO WEAR THEIR HAIR IN KEEPING WITH THEIR RELIGIOUS BELIEFS.

5. CDCR POLICY VIOLATES THE 'RLUIPA' WHEN IT INFRINGES ON A PRISONER'S FREEDOM AND CDCR FAILS TO SHOW THAT IT WAS THE LEAST RESTRICTIVE MEANS OF FURTHERING ITS PURPORTED SECURITY AND/OR HYGIENE ISSUES. NOTE: SECURITY WAS NOT CITED IN MY RVR.

6. THE RELIGION OF SIKHISM;

    A. I AM A PRACTICING SIKH. CENTRAL TO THE MALE PRACTICE OF SIKHISM IS THE GROWING OF ALL BODY HAIR. KESHA (UNCUT HAIR) SYMBOLISES THE BELIEF THAT A SIKH SHOULD NOT INTERFERE WITH THE NATURAL GOD-GIVEN FORM.

    B. A MUSLIM'S RELIGIOUS TENANTS ALLOWS A MUSLIM TO CUT HIS FACIAL HAIRS

13

6.   (CONTINUED)

AND KEEP A BEARD. HOWEVER - THE CUTTING OF FACIAL HAIR· IS ABHORRENT TO A SIKH AND A BREAKING OF THE CENTRAL TENANT OF A SIKH'S FAITH.

C. FACIAL HAIR THAT IS UNCUT IS HOW A SIKH DEMONSTRATS HIS FAITH. ANOTHER RELIGION THAT IS SIMILARLY SITUATED IS THAT OF AN ORTHODOX JEWISH MALE.

D. DAILY HYGIENE IS REQUIRED FOR THE PRACTICE OF SIKHISM.

7.   I BEGAN TO GROW MY BEARD ON OR ABOUT 13 YEARS OF AGE. I HAVE NOT CUT MY BEARD FOR APPROXIMATELY 13 YEARS (I AM CURRENTLY 26 YEARS OLD). I HAVE PARTICIPATED IN MY FAITH'S CULTURAL, SOCIAL, AND RELIGIOUS AFFAIRS, AND CONTINUE TO PRACTICE MY RELIGION WHILE INCARCERATED.

8.   NOTWITHSTANDING THAT I AM NOT PHYSICALLY FORCED TO CUT MY HAIR, I AM SUBJECTED TO PUNISHMENT, SUCH AS THE IMPOSITION OF ADDITIONAL DUTY HOURS, AND POSSIBLE RECLASSIFICATION INTO A LESS DESIRABLE WORKGROUP, AND POSSIBLE CLASSIFICATION AS A 'PROGRAM FAILURE.'

9.   THE CDCR GROOMING POLICY AND CALIFORNIA MEN'S COLONY-WEST'S ENFORCEMENT OF THAT POLICY, AND IT'S PUNITIVE SANCTIONS DESIGNED TO COERCE ME TO COMPLY WITH THAT POLICY, CONSTITUTES A SUBSTANTIAL BURDEN ON THE EXERCISE OF MY RELIGIOUS BELIEFS.

REQUESTED RELIEF:

THAT I BE PROVIDED WITH A RELIGIOUS EXCEPTION TO THE CDCR GROOMING STANDARD, AND CMC-WEST ENFORCEMENT OF THAT POLICY, SO THAT I MAY NOT BE SUBJECT TO A SUBSTANTIAL BURDEN ON THE EXERCISE OF MY RELIGION.

6/17/10
DATE

SUKHJINDER BASRA   G-45891

INMATE PAROLEE APPEAL FORM 602
(Continuation Sheet) Appeal Log# CNC-W-10-00743

INMATE S. Basra, G-45891

me of section 3213 CCR, Title 15 Rules and Regulations, (Stipulations regarding Religious Artifacts, Sanctuaries, and Sacramental Wine). Being that C/o Stenhouse and Sgt. Burkhammer are representatives of CDCR and just as well as them enforcing the rules and regulations, after being informed of my reason for my not cutting my facial hair, as I am now being informed by the Second Level Reviewer's response of section 3213, Title 15 Rules and Regulations this Disciplinary and appeal could and should have been avoided. The Rules and Regulations also call for staff to inform inmates of the proper procedures to stay in compliance within CDCR rules. This 115 Rules Violation Report should be dismissed.

Dated
6/17/10

Respectfully,

15

15

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 19, 2010

BASRA, SUKHJINDER, G45891
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101

RE: IAB# 0926043    CMC-10-00743    DISCIPLINARY

Mr. BASRA:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal as established in California Code of Regulations (CCR) Title 15, Article 8. The Branch examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your Counselor, Parole Agent, or Appeals Coordinator can answer any questions you may have regarding the appeals process and/or assist in obtaining any requested documents. The inmate library offers resources to obtain general information regarding regulations, procedures, policies, and government agency addresses. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Second Level of Review is considered the department's final action in regard to Rules Violation Reports classified as Administrative.
You have exhausted the administrative remedy through CDCR.

D. FOSTON, Chief
Inmate Appeals Branch

NOTE:   Please make the changes or corrections requested and submit the original appeal within fifteen working days.  Once an appeal has been cancelled that appeal may not be resubmitted.  However a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

16

EXHIBIT 2

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date      :    June 1, 2010

To        :    BASRA, Sukhjinder (G-45891)
               Unit 4, Dorm 34-26Low
               California Men's Colony-West

Subject   :    **SECOND LEVEL REVIEW CMC APPEAL LOG # CMC-E-10-00962**

Appeal: Denied

A review of your appeal has been completed.   Your complaint, including requested remedial action, has received careful consideration.

APPEAL ISSUE:
On 04/30/2010, you were issued a Rules Violation Report (RVR), log# CMC-W-U4-10-04-0022, for violating the California Code of Regulations CCR§ 3062 (h), "Grooming Standards", for the specific act of "Facial Hair Longer Than ½ inch", an Administrative Offense.  In the charge, the Reporting Employee (RE), Correctional Sergeant R. W. Haislip, documented that on April 24, 2010, he observed you to be out of compliance with CDCR Grooming Standards, specifically having facial hair longer than ½ inch.  The RVR was heard by Unit 4 Program Sergeant C. D. Burkhammer (HO), on 05/03/2010. Your defense was based on the fact that you grow your beard long due to your religious beliefs and you feel that CDCR grooming standards go against your religious beliefs. You were found "Guilty" of the charge, assessed 10 hours of Extra Duty, suspended pending 30 days disciplinary free conduct, counseled and reprimanded.   You filed an appeal on this issue requesting the finding of "Guilty" to be dismissed, and the Inmate Appeals Office has classified this as a 2nd Level appeal.  You claim that you are not guilty of the charge based on the following reasons:

1.     You state that the Reporting Employee, Sergeant R. W. Haislip, was aware of a previous CDCR-115 (log # CMC-W-U4-10-03-0030), and that he mentioned to you that when he came back to work from his time off he would write you another CDCR-115 for the same violation if you still had a beard.

2.     Sergeant Haislip also asked you if you had filed a grievance on the first RVR and you answered "yes", and shortly thereafter he wrote you up the RVR that you are now appealing.  You contend that the RVR was written as retaliation for you filing the grievance (CDCR-602).

3.     You feel that you shouldn't be written up because you are wearing your beard long due to your religious beliefs, and not because you are trying to violate the law.

4.     You contend that the Hearing Officer, Sergeant C. D. Burkhammer was biased in finding you guilty because he was the Hearing Officer during the first hearing for the same type of Rule Violation (CDCR-115 log# CMC-W-U4-10-03-0030), and he was aware of the fact that you had filed a grievance of his decision on that hearing.

17



CMC APPEAL LOG # CMC-E-10-00962
PAGE 2 of 3

ACTION REQUESTED:
1.    That RVR Log # CMC-W-U4-10-04-0022 be dismissed.

INTERVIEWS:
On May 30, 2010, J.T. Torres, Correctional Lieutenant, conducted a personal interview with you in the Unit 2 Program Office. You reiterated the issues that are documented in your written appeal and requested the dismissal of the RVR. Lieutenant Torres asked you if Sergeant Haislip, or Sergeant Burkhammer, had acted indifferent, or disrespectful in regards to this issue, and you stated that they had not. You stated that they had all been very professional with you in regards to this issue. You stated that you realize that they are attempting to enforce CDCR rules and regulations, however you feel that this is in violation of your rights to practice your religion. However you feel that Sergeant Burkhammer should not have been the Hearing Officer during this hearing because due to his prior involvement in this issue, he could not be an impartial Hearing Officer. You had nothing else to add and the interview was concluded.

APPLICABLE DOCUMENTION / EVIDENCE ASSOCIATED WITH APPEAL:
• Submitted appeal # CMC-E-10-00962.
• RVR # CMC-W-U4-10-03-0030.
• First level response to appeal #CMC-W-10-00743.
• California Code of Regulations, (CCR Title 15), CCR§ 3001, Subject to Regulations.
• California Code of Regulations (CCR Title 15), CCR§ 3062 (h), Inmate Grooming Standards, specifically "Facial Hair".
• California Code of Regulations CCR§ 3005 (a), Conduct, (Inmates and parolees shall obey all laws, regulations, and local procedures etc.).
• California Code of Regulations, Subchapter 3, Article 1 (Religious Program).
• California Code of Regulations CCR§ 3320 (h), Hearing Procedures and Time Limitations.

RESPONSE:
1. Your contention that Sergeant Haislip was aware of a previous CDCR-115 and had cautioned you that if you still had the beard when he returned to work, that he would write you another CDCR-115 for the same rule violation is probably correct since most Sergeants assigned to a Unit review all of the CDCR-115's and are aware of the outcome of the hearings. The fact that he might have cautioned you about a possible writeup if you did not come into compliance, does not mean that it was a threat or retaliation, it just means that he is attempting to stress to you the importance of coming into compliance.

2. The fact that Sergeant Haislip asked you if you had filed a grievance on the prior RVR, and shortly after issued you the CDCR-115, also does not mean that he was retaliating against you for your actions. The fact remains that after a few days, you failed to come into compliance and he felt it was necessary to document your actions.

3. Your impression that you should be allowed to practice your religious beliefs without being issued a RVR is understandable, however you should attempt to do this within the guidelines of the Department of Corrections and Rehabilitation.

18

4.  Your contention that Sergeant C. D. Burkhammer should not have been the Hearing Officer because of his prior involvement in the previous CDCR-115 has no merit. Each RVR is based on the staff involvement during that misbehavior, as printed in CCR§ 3320 (h), which states "Staff who observed, reported, classified, supplied supplemental reports to, or investigated the alleged violation, who assisted the inmate in preparing for the hearing; or for any other reason have a predetermined belief of the inmate's guilt or innocence shall not hear the charges or be present during deliberations to determine guilt or innocence and disposition of the charges." It does not appear Sergeant Burkhammer participated in any of the actions described in CCR§ 3320, therefore there is no reason he could not have conducted the Hearing. In reviewing this issue, it is evident by your own admission that you are in violation of CDCR rules and regulations and therefore anyone who heard this disciplinary issue would have come to the same conclusion of "Guilty". Furthermore, in the penalty phase of the RVR, Sergeant Burkhammer was very fair in the disposition by assessing you only 10 hours of Extra Duty and suspending those 10 hours pending 30 days disciplinary free conduct. He is actually giving you 30 more days to come into compliance. Therefore Sergeant Burkhammer provided you with a fair and impartial hearing as well as a fair disposition.

CONCLUSION:
A review of your appeal has been completed. There were no time constraints or due process violations by either the Reporting Employee or the Hearing Official. In the interview with Lieutenant Torres you stated that staff had acted professional in their dealings with you. Perhaps you can address this issue by reviewing CCR§ 3213 (Stipulations regarding Religious Artifacts, Sanctuaries, and Sacramental Wine), by requesting a written approval from the Warden or designee to be allowed to grow your beard due to your religious beliefs, otherwise you have to comply with the present policy. You have referred to several Federal Regulations in defending your case, however, the decisions of this office are made consistent with the regulations and policies governing the appeal process. We cannot consider nor respond to legal arguments, as to do so would exceed the scope of our authority. Therefore, your appeal is denied. Since this is an appeal on a disciplinary action that was classified as "Administrative", per CCR§ 3084.7 (b) (1), this constitutes the department's action on this issue pursuant to section 3314.


APPEAL DENIED



T. L. GONZALEZ
Warden
California Men's Colony

19

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 19, 2010

BASRA, SUKHJINDER, G45891
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101

RE: IAB# 0926044    CMC-10-00962    DISCIPLINARY

Mr. BASRA:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal as established in California Code of Regulations (CCR) Title 15, Article 8.  The Branch examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your Counselor, Parole Agent, or Appeals Coordinator can answer any questions you may have regarding the appeals process and/or assist in obtaining any requested documents. The inmate library offers resources to obtain general information regarding regulations, procedures, policies, and government agency addresses. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Second Level of Review is considered the department's final action in regard to Rules Violation Reports classified as Administrative.
You have exhausted the administrative remedy through CDCR.

D. FOSTON, Chief
Inmate Appeals Branch

NOTE:   Please make the changes or corrections requested and submit the original appeal within fifteen working days.  Once an appeal has been cancelled that appeal may not be resubmitted.  However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

EXHIBIT 3

State of California                                    Department of Corrections and Rehabilitation

# Memorandum



Date:   August 20, 2010

To:   Basra, Sukhjinder
        G-45891
        California Men's Colony, Dorm 23-26L

Subject: CMC APPEAL LOG #CMC-W-10-01500
        SECOND LEVEL REVIEW

        APPEAL: PARTIALLY GRANTED

        A review of your appeal has been completed.   Your complaint, including requested
        remedial action, has received careful consideration.

        APPEAL ISSUE:
        You were issued a Rules Violation Report (RVR) dated June 28, 2010, charging you with
        violation of the California Code of Regulations (CCR) §3062(h) Grooming Standards,
        specifically, facial hair exceeding more than ½ inch from face.  The RVR was heard on
        July 10, 2010, by Senior Hearing Officer (SHO), Lieutenant J.C. Steck, and you were
        found "Guilty" of the charge.

        1.  You contend that you were unable to comply with the Grooming Standards section of
            the CCR due to your religious beliefs.  You claim that the California Department of
            Corrections and Rehabilitation (CDCR) is asking you to choose between your religion
            and punishment, and this is a violation of your constitutional rights.

        2.  You claim you were instructed via appeal response to seek approval from the
            Warden to be allowed to grow your beard.  You contend that you made a request
            which was denied.  You also state you are currently waiting for a response from a
            similar request to the Warden.

        ACTION REQUESTED:
        1.  That you be allowed to wear your beard according to your religious beliefs.

        2.  That your disciplinary record be cleared.

        3.  That you get all of your lost time back.

        4.  That CMC follow CCR §3004(a) and (c) which states:
                (a) Inmates and parolees have the right to be treated respectfully,
                impartially, and fairly by all employees.
                (c) Inmates, parolees and employees will not subject other
                persons to any form of discrimination because of race, religion,
                nationality, sex, political belief, age, or physical or mental handicap.

        5.  That all harassment, discrimination, and punishment towards you stop.

21

Page 2
Basra, Sukhjinder, G-45891
Appeal Log #CMC-W-10-01500

**DETERMINATION:**

- Your appeal was reviewed and assigned pursuant to CCR, Title 15, §3084.5.

- Your appeal was reviewed by the Hiring Authority not below the level of Chief Deputy Warden (CDW) and not accepted as a staff complaint.

**INTERVIEWS:**

On August 20, 2010, T. Lemon, Correctional Lieutenant, conducted a personal interview with you regarding your appeal. During the interview you were asked if you had any additional information that you did not document in your appeal that you would like to add at this time, to which you stated *"No"*, therefore, the interview was concluded.

**APPLICABLE DOCUMENTATION / EVIDENCE ASSOCIATED WITH APPEAL:**

- Inmate/Parolee Appeal Form CDC 602 Log # CMC-W-10-01500.
- Rules Violation Report, log number W-U4-10-07-0002, dated 6/28/2010.

**RESPONSE:**

1. Review of the RVR reveals that on June 28, 2010 you were observed by Officer D. Van Nostran to be out of compliance with grooming standards per CCR §3062(h) as your beard extends farther than ½ inch from your face. You were informed that if you did not cut your beard you would receive an RVR for violation of grooming standards. You told Officer Van Nostran to go ahead and write you up and you would appeal this one also. According to CCR §3001, Subject to Regulations: Regardless of commitment circumstances, every person confined or residing in facilities of the department is subject to the rules and regulations of the Secretary, and to the procedures established by the warden, superintendent, or regional parole administrator responsible for the operation of that facility. As such you were appropriately charged and found guilty of failing to comply with grooming standards. There are no due process violations and the disposition is appropriate for the offense. You are not discouraged from practicing religion; however, you are subject to the rules and regulations of the department.

2. The fact that you followed the instructions of your previous appeal and are awaiting a response from the Warden is not relevant to this RVR. This appeal response is regarding the RVR for a violation of grooming standards and not your pending request for exception from grooming standards.

**CONCLUSION:**

1. Your request to wear your beard outside the grooming standards established by the department is DENIED. As stated above, all inmates are subject to the rules and regulations of the department.

2. Your request to have your disciplinary record cleared is DENIED. As all inmates are obligated to follow the regulations of the department, it would not be appropriate to dismiss this RVR. The finding of guilt in this RVR is supported by the evidence, the disposition is appropriate for the charged offense, and there are no due process violations.

Page 3
Basra, Sukhjinder, G-45891
Appeal Log #CMC-W-10-01500

3. Your request to get the Work Time Credit Loss (WTCL) back is DENIED.  The finding of guilt in this RVR is supported by the evidence, the disposition is appropriate for the charged offense, and there are no due process violations.

4. Your request that CMC follow CCR §3004 is GRANTED.  It is not the department's or CMC's policy to discriminate or treat inmates disrespectfully.  The department is held to the regulations set forth in CCR Title 15, as is every inmate in the custody of CDCR.

5. Your request for all discrimination, harassment, and punishment towards you be stopped is DENIED as there is no evidence of harassment or discrimination.  As you are held to the same regulations as every other inmate, there is no evidence of discrimination or harassment towards you.  The fact that you received punishment for not following the rules and regulations set forth in the CCR Title 15 is in no way discrimination or harassment.

Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on the inmate appeal form (CDCR-602), request a director's review.


APPEAL PARTIALLY GRANTED



J.L. GONZALEZ
Warden
California Men's Colony

## Confinement To Quarters (CTQ) Instruction Sheet

Date: 7/10/2010

Name: BASRA, SUKHJINDER

CDC#: G45891

Housing: 23-26L

You have been assessed **10**

CTQ as a result of the disposition in CDC-115 Log: 10-07-0002

You are required to serve the CTQ during the: ☐ Days  ☒ Weekends  ☒ Evenings  ☒ Days

on the following dates: 07/24/10, 07/25/10, 07/31/10, 08/01/10, 08/07/10, 08/08/10, 08/14/10, 08/15/10, 08/21/10, 08/22/10

To fulfill this obligation, you are required to remain on your assigned bed and are not allowed bedside visitors. Days are served from 8:00 AM to 4:00 PM, and Evenings are served from 4:00 PM to 12:00 AM. It is also your responsibility to have the Dorm Officer sign this form upon the completion of each period completed. Failure to fulfill the assessed CTQ on the dates and time indicated will result in a CDC-115 and further disciplinary action.

J. C. Steck, Lieutenant

_____      _____
Hearing Official                              7/10/2010
                                                    Date

X _____
Inmate Signature

| Date | Evening Officer | Dorm Officer | Date | Evening Officer | Dorm Officer |
|------|-----------------|--------------|------|-----------------|--------------|
| 7-24-10 | 3W 6 /W | | 8-14-10 | 3W 6 /W | |
| 7-25-10 | 3W 6 /W | | 8-15-10 | 3W 6 /W | |
| 7-31-10 | 3W 6 /W | | 8-21-10 | 3W 6 /W | |
| 8-1-10 | 3W 6 /W | | 8-22-10 | 3W 6 /W | |
| 8-7-10 | 3W 6 /W | | | | |
| 8-8-10 | 3W 6 /W | | | | |

CMC-U4-022 (08/02) 0533

24

California Mens Colony

# EXTRA-DUTY INSTRUCTION SHEET

DATE: **7/10/2010**      NAME: **BASRA, SUKHJINDER**      CDC#: **G45891**      HOUSING: **23-26L**

You have been assessed **40** hours of *EXTRA-DUTY* to be completed by **8/15/2010**.      . To fulfill this obligation, you are to report to the Unit-**IV** ~~XXXXXX~~ **RECREATON** Inside Patrol Officer, outside the Unit-**IV** Office for assignment as follows:

**JOB: G01-A.270 GED**      **HOURS: 800 1100**      **RDO'S: M T TH F  S SU Hol.**

A.   P.M. workers and P.M. students will report at 9:30 A.M. Daily and 7:00 P.M. on Regular Days Off and Holidays.

B.   A.M. workers and A.M. students will report at 7:00 P.M. Daily and 9:30 A.M. on Regular Days Off and Holidays.

C.   Unassigned inmates will report at 9:30 A.M. and 7:00 P.M. Daily.

You are also ordered to fulfill this obligation in the case of emergency or to the needs of the Unit-**IV** Officers other than the above assigned hours.

All inmates who fail to report, accept an assignment or to fulfill their obligation within the prescribed time limits will receive a CDC-115.

**J. C. Steck, Lieutenant**          **7/10/2010**          X
Hearing Official                          Date                          Inmate Signature

# ATTENTION: *All Extra-Duty Is To Be Performed Through The Unit-* **IV** ~~XXXXXXX~~ **RECREATION** *Inside Patrol Officer.*

## Log of Extra Duty Performed

| DATE | TIME WORKED | BALANCE | SIGNATURE |
|------|-------------|---------|-----------|
|      |             |         |           |

*Completed Per c/o G. Reyes 8/24/10*

10-U4-002 (08/02) 0923

25

| CDC NUMBER G45891 | NAME BASRA,SUKHJINDER,SINGH | | ETHNIC OTH | BIRTHDATE 05/28/1984 |
|---|---|---|---|---|

| TERM STARTS 01/22/2009 | MAX REL DATE 07/18/2015 | MAX ADJ REL DT 07/18/2015 | CURRENT REL DT 09/07/2014 |
|---|---|---|---|

BASE TERM 2/00 + ENHCMNTS 5/00 = TOT TERM 7/00

PAROLE PERIOD
3 YRS

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 | P1203-3 | P2900-1 | CRC-CRED | MH-CRED | P4019 | P2931 | POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|---|
| 085048 | | 121 | | | | 60 | | 5 | 186 |

REGISTRATION REQUIRED PER H11590
PC296 DNA COMPLETED

| RECV DT/ CNT | COUNTY/ OFF-CODE | CASE DESCRIPTION | SENTENCE DATE | CREDIT CODE | OFFENSE DATE |
|---|---|---|---|---|---|

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
1/22/2009  YOL   085048                1/16/2009
  01 H11351
          POSS CS SALE                                    1    09/18/2008
          H11370.4(A)(2)04 EXCEED 4 KILOS                 1

| IWTIP WAIVER DATE 01/22/2009 | BEGINNING BALANCE 0 | CREDIT APPLIED 344 | TOTAL LOST 30 | TOTAL RESTORED 0 | NET TOTAL 314 |
|---|---|---|---|---|---|

CREDITS AUTO RE-VESTED PER PC-2934 :   2

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | VIOL CAT | DAYS |
|---|---|---|---|---|---|---|
| WCG | 01/22/2009 | 12/31/2009 | | | | 344 |
| WCL | 06/28/2010 | | 10070002 | 3062(H) | F | 30 |

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | DAYS ASSESS | LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|

BEG 01/22/2009        ******BEG BAL******
    CURRENT PC BALANCE:      0          CURRENT BC BALANCE:      0

        ****** CONTINUED ******

26

| CDC NUMBER | NAME |
|---|---|
| G45891 | BASRA, SUKHJINDER, SINGH |

EPRD/MEPD IS 05/05/2012 BASED ON CREDIT APPLIED THRU 12/31/2009 AND WORK GROUP A1

30 day loss
115 dated 6·28·10

EXHIBIT 4

July 19, 2010

To: T. Gonzalez (Warden – CMC West)

From: Basra Sukhjinder  G-45891 23-26L

Re: Request for Exemption


Dear Sir/Madam;

     My name is Basra Sukhinder.  I am currently serving time at CMC West. I am housed in Unit 4, Dorm 23 Bed 26L.  I am doing everything possible to keep my self busy and out of trouble but, recently I have had 3 incidents in regards to my facial hair. I have been given 3 CDC-115's for the same violation.  I have explained and provided documentation to the officers that facial hair is part of my religious beliefs and practices. I am not allowed to cut my facial hair.  I have been told that they are just following the guidelines set in the Title 15.  I was also informed that I may request an exemption from you, the warden.

     Title 15, Chapter 1, Article 1, Section 3004 Rights and respect of others. (a) " Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees…"   (c) Inmates, parolees, and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief…"

     I hereby request a written exemption which will allow me to follow my faith and not violate any rules set forth in the institution.  You can clearly see that I may not me a model inmate, but I am trying my best to behave in a manner which will allow me to finish my time here at CMC West without any more write ups.

     I thank you for your time and your consideration.  I await your response.


Sincerely,

Basra Sukhjinder

28



CALIFORNIA MEN'S COLONY
Highway 1
P. O. Box 8101
San Luis Obispo, CA  93409-8101

July 28, 2010

BASRA, SUKHJINDER
G-45891
UNIT IV, DORM 23, BED 26 LOW
POST OFFICE BOX 8101
CALIFORNIA MEN'S COLONY (CMC)
SAN LUIS OBISPO, CALIFORNIA 93409-8101

This is in response to your letter to the Warden dated July 19, 2010, regarding your request for an exemption to allow you to grow your facial hair and never cut it following your religious beliefs and practices.

You state in your letter that you have received three California Department of Corrections and Rehabilitation (CDCR) 115 Rule Violation Reports concerning facial hair.  You have explained and provided documentation that facial hair is part of your religious beliefs and you are not allowed to cut your facial hair.  You were informed that you could request an exemption from the warden.  You cite the California Code of Regulations (CCR), Title 15, section 3004 Rights and Respect of Others, sub sections (a) and (c).

The California Code of Regulations (CCR), Title 15, section **3062. Inmate Grooming Standards** states in part, the following:

> *(h) Facial hair, including short beards, mustaches, and sideburns are permitted for male inmates and shall not extend more than one-half inch in length outward from the face.*
> *(m) An inmate who fails to comply with these grooming standards may be deemed a program failure pursuant to Section 3062, subject to progressive discipline and classification committee review for appropriate housing and program placement.*

For clarification, you are not being discriminated against, as you allude to in your letter referencing the CCR, Title 15, sections 3004 Rights and Respect of Others, subsections (a) and (c).  You are being treated the same as the other inmates at CMC.

You may have a beard, but you must keep it trimmed to no more than one-half inch in length.  There is no provision in the CCR, Title 15 for the Warden to exempt the grooming standards.

*T. King*

T. KING
Associate Warden Associate Services
California Men's Colony

29

1

## PROOF OF SERVICE

2

I, Lisa Reynolds, declare:

3

I am employed in the County of Los Angeles, State of California. I am over
the age of 18 and not a party to the within action. My business address is Alston & Bird
LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California, 90071. I am over the
age of eighteen years and not a party to the action in which this service is made.

4

5

6

On March 3, 2011, I served the document(s) described as **DECLARATION
OF SUKHJINDER S. BASRA IN SUPPORT OF MOTION FOR A PRELIMINARY
INJUNCTION** on the interested parties in this action by enclosing the document(s) in a
sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

7

8

☒     BY MAIL: I am "readily familiar" with this firm's practice for the collection
and the processing of correspondence for mailing with the United States Postal
Service. In the ordinary course of business, the correspondence would be
deposited with the United States Postal Service at 333 South Hope Street, Los
Angeles, California 90071 with postage thereon fully prepaid the same day on
which the correspondence was placed for collection and mailing at the firm.
Following ordinary business practices, I placed for collection and mailing with
the United States Postal Service such envelope at Alston & Bird LLP, 333 South
Hope Street, Los Angeles, California 90071.

9

10

11

12

13

☐     UPS NEXT DAY AIR: I deposited such envelope in a facility regularly
maintained by UPS with delivery fees fully provided for or delivered the
envelope to a courier or driver of UPS authorized to receive documents at
Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with
delivery fees fully provided for.

14

15

16

☐     BY FACSIMILE: I telecoped a copy of said document(s) to the following
addressee(s) at the following number(s) in accordance with the written
confirmation of counsel in this action.

17

18

☐     BY E-MAIL: I submitted an electronic version of this document and exhibits, if
any, via PDF to all parties at their e-mail addresses on the attached Service List.

19

20

☐     [State]    I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

21

☒     [Federal]    I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

22

23

Executed on March 3, 2011, at Los Angeles, California.

24

*Lisa Reynolds*

25

Lisa Reynolds

26

27

28

32413786 1.DOC

*SUKHJINDER S. BASRA v. MATTHEW CATE, ET AL*
**USDC Case No. CV11-01676 SVW (FMOx)**


**Service List**


Matthew Cate                          Defendant
c/o Legal Office
1515 "S" Street
Room 314-S
Sacramento, CA 95811

Warden Terri Gonzalez                 Defendant
c/o Andrew Pitoniak
Litigation Coordinator
Men's Colony
Highway 1
San Luis Obispo, CA 93409

s32413786 1.DOC