THOMAS E. PEREZ
Assistant Attorney General
SAMUEL R. BAGENSTOS
Principal Deputy Assistant Attorney General
JONATHAN SMITH (DC Bar # 396578)
Chief, Special Litigation Section
TIMOTHY D. MYGATT (PA Bar # 90403)
timothy.mygatt@usdoj.gov
Special Counsel, Special Litigation Section
EMILY A. GUNSTON (SBN # 218035)
emily.gunston@usdoj.gov
Samantha K. Trepel (DC Bar # 992377)
samantha.trepel@usdoj.gov
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(tel.) 202-514-6225 / (fax) 202-514-4883

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SUKHJINDER S. BASRA,<br><br>Plaintiff,<br><br>UNITED STATES OF AMERICA,<br><br>Applicant for Intervention,<br><br>v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, in his official capacity, TERRI GONZALEZ Warden of the California Men's Colony, in her official and individual capacities, the STATE of CALIFORNIA, GOVERNOR JERRY BROWN, in his official | No. CV11-01676 SVW (FMOx)<br><br>**COMPLAINT IN INTERVENTION PURSUANT TO THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT, 42 U.S.C. § 2000cc (CIVIL RIGHTS)**<br><br>Judge Stephen V. Wilson |

1

capacity, the CALIFORNIA )
DEPARTMENT OF )
CORRECTIONS AND )
REHABILITATION, and the )
CALIFORNIA MEN'S COLONY; )
)
)
Defendants. )
_____ )

THE UNITED STATES OF AMERICA, by its undersigned attorneys, hereby files this Complaint in Intervention and alleges upon information and belief:

## INTRODUCTION

1. The Attorney General files this Complaint on behalf of the United States, pursuant to the provisions protecting the religious exercise of institutionalized persons of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, to enjoin the named Defendants from imposing a substantial burden on the religious exercise of Plaintiff Sukhjinder S. Basra, an inmate confined to institutions administered by Defendants.

2. Plaintiff Basra is a lifelong practicioner of Sikhism. A fundamental requirement of the Sikh faith is that its practitioners maintain their hair, including facial hair, unshorn. The practice of maintaining one's hair unshorn, or *Kesh*, signifies respect for the will of God, and is required for a Sikh to be considered pure. Cutting one's hair or beard is therefore a grave violation of Sikh religious beliefs. Pursuant to his sincerely held religious beliefs, Mr. Basra has always maintained his hair and beard uncut and unshaved.

3. CDCR policy prohibits facial hair longer than one-half inch, without providing any exception for those whose religious practices forbid cutting facial or other bodily hair.

4. Defendants have enforced this grooming policy against Mr. Basra, repeatedly subjecting him to progressively more severe disciplinary sanctions,

without any compelling government reason. By enforcing their grooming policy, Defendants compel Mr. Basra to either cut his beard and violate a central tenet of his religion or suffer increasingly severe penalties, including the deprivation of privileges and the risk of longer confinement in prison, in violation of Mr. Basra's RLUIPA rights.

## JURISDICTION, STANDING, AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

6. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 2000cc-2(f).

7. Declaratory and injunctive relief is sought as authorized by 42 U.S.C. § 2000cc-2(f).

8. Venue in the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. § 1391.

## DEFENDANTS

9. Defendant the State of California ("State") operates, or contracts for the operation of, all State jails, prisons, and other correctional facilities.

10. Defendant Jerry Brown is the Governor of the State of California and, in this capacity, heads the executive branch of the State's government. The Governor of California, as chief of the executive branch, has the duty to ensure that the departments that compose the executive branch of the State's government protect the federal statutory rights of all of the citizens of the State, including inmates confined in State jails, prisons, and other correctional facilities.

11. Defendant the California Department of Corrections and Rehabilitation ("CDCR") operates all State adult prisons on behalf of the State; establishes policy to be followed by its institutions and contractors; and is responsible for the promulgation of all rules and regulations necessary and appropriate to the administration and operation of its institutions.

12. Defendant Matthew Cate is the Secretary of the CDCR and, in this capacity, exercises administrative control of, and responsibility for, the CDCR and the institutions it operates.

13. Defendant California Men's Colony ("CMC") is a prison operated by the CDCR and currently houses Mr. Basra.

14. Defendant Terri Gonzalez is the warden of the CMC and, in this capacity, is responsible for the administration and day-to-day operations of the CMC.

15. Defendants are legally responsible, in whole or in part, for the operation of all institutions within which Plaintiff has been confined that are relevant to this action, and for the promulgation and implementation of all policies and procedures relating to the religious exercise of persons confined to those institutions.

16. Defendants receive federal financial assistance and are therefore subject to the provisions protecting the religious exercise of institutionalized persons of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1.

## FACTUAL ALLEGATIONS

### California Men's Colony

17. The CMC is a state prison located in San Luis Obispo, California, that currently incarcerates approximately 6,420 inmates.

18. The CMC consists of two physically separate facilities, the East Facility, housing medium security inmates and the West Facility, housing minimum security inmates in dormitory settings.

19. The CMC is an "institution" within the meaning of 42 U.S.C. § 2000cc-1(a).

**Plaintiff Basra**

20. Plaintiff Sukhjinder S. Basra is a person residing in or confined to an institution within the meaning of 42 U.S.C. § 2000cc.

21. The CDCR initially incarcerated Mr. Basra at the Pleasant Valley State Prison ("PVSP"), where he lived in a locked, two-man cell. After one year of discipline-free incarceration at PVSP, the CDCR transferred Mr. Basra to the minimum security facility within the CMC on or about February 26, 2010. Mr. Basra currently remains incarcerated at the CMC, where he lives in an unlocked, 90-person dormitory room.

22. Mr. Basra has practiced the Sikh faith his entire life. The most important outward symbol demonstrating one's adherence to Sikhism is *Kesh*, the practice of allowing one's hair, including facial hair, to grow naturally out of respect for God's creation.

23. Pursuant to Mr. Basra's faith, he believes that cutting his hair or beard would be a grievous sin. Historically, some followers of Sikhism have been willing to be punished by death rather than cut their hair or beards.

24. In accordance with this fundamental requirement of Sikhism, Mr. Basra maintains his hair and beard uncut and unshaved, and has done so throughout his entire life.

**CDCR's Grooming Policy**

25. Defendants have promulgated a comprehensive grooming policy regulating inmates' hair length and styles. This policy is set out in title 15, section 3062 of the California Code of Regulations, entitled "Inmate Grooming Standards," which provides that "[f]acial hair, including short beards, mustaches, and sideburns are permitted for male inmates and shall not extend more than one-half inch in length outward from the face." Cal. Code Regs. tit. 15 § 3062(h).

26. Pursuant to section 3062, an inmate who fails to comply with the Inmate Grooming Standards may be deemed a "program failure" and may be "subject to progressive discipline and classification committee review for appropriate housing and program placement." Cal. Code Regs. tit. 15 § 3062(m).

27. Section 3000 defines a "program failure" as:

> [A]ny inmate who generates a significant disciplinary history within the last 180 days from the current date. A guilty finding for two serious Rules Violation Reports or one serious and two administrative Rules Violation Reports within that 180 day time period is reasonable evidence of a significant disciplinary history and may be considered a program failure.

Cal. Code Regs. tit. 15 § 3000.

28. The Federal Bureau of Prisons does not place any limitations on inmates' beard length throughout its facilities. *See* Program Statement 5230.05, Nov. 4, 1996 (Grooming).

**Defendant's Unlawful Actions**

29. Defendants have unlawfully imposed, and continue to impose, a substantial burden on Plaintiff Basra's religious exercise by disciplining him for failing to cut his beard to a length of one-half inch or less.

30. Defendants incarcerated Mr. Basra in a more restrictive setting at PVSP. Despite the increased restrictions, Mr. Basra maintained his unshorn beard in accordance with his Sikh faith during his incarceration at PVSP. During this time, Defendants never instructed Mr. Basra to cut his beard nor warned Mr. Basra that he was violating any law or policy by maintaining his beard at longer than one-half of an inch. Defendants never disciplined Mr. Basra for any infraction during his time at PVSP.

31. When Mr. Basra first entered the CDCR through the inmate reception center, correctional officers instructed him to run his fingers through his beard. Since then, however, no CMC employee has ever searched his beard or asked Mr. Basra to search it by running his fingers through his beard in front of them. No CMC employee has ever accused Mr. Basra of hiding any contraband in his beard. No correctional officer has ever physically manipulated Mr. Basra's beard, run a metal detection wand over it, or asked Mr. Basra to part his beard or run his fingers through it in front of them, for any reason.

32. During the initial portion of his confinement at the CMC, Defendants never instructed Mr. Basra to cut his beard nor warned Mr. Basra that he was violating any law or policy by maintaining his beard at longer than one-half of an inch.

33. Beginning in March 2010, however, Defendants began disciplining Mr. Basra for maintaining his beard at longer than one-half inch in length. Since that time, Defendants have subjected Mr. Basra to progressively more severe disciplinary actions for failing to comply with the grooming policy, despite the fact that according to Mr. Basra's religion, doing would be a grievous sin.

34. On April 3, 2010, a CMC correctional officer issued Mr. Basra an administrative Rules Violation Report ("RVR") for violating section 3062(h), the "Inmate Grooming Standards," for having a beard longer than one-half inch on March 29, 2010. At the administrative hearing on April 5, 2010, Mr. Basra pled not guilty and informed the hearing official that he is unable comply with the grooming standard because it conflicts with his religious beliefs. The hearing official found Mr. Basra guilty of the violation, assessed him 40 hours of extra duty, counseled and reprimanded him. Mr. Basra appealed the charge through all three levels of administrative review, arguing that the disciplinary action substantially burdened his religious exercise. All of his appeals were denied and,

on July 19, 2010, the Inmate Appeals Branch informed Mr. Basra that he had exhausted his administrative remedies.

35. On April 30, 2010, a CMC correctional officer issued Mr. Basra a second administrative RVR for violating section 3062(h) by having a beard longer than one-half inch on April 24, 2010. At the hearing on May 3, 2010, Mr. Basra pled not guilty and informed the hearing official that cutting his beard would violate a fundamental tenet of his religion. The hearing official found Mr. Basra guilty of the charge, assessed him 10 hours of extra duty (suspended pending 30 days of disciplinary free conduct), counseled and reprimanded him. Mr. Basra appealed the charge through all three levels of administrative review, arguing in part that the grooming policy as applied to him violates RLUIPA. All of his appeals were denied and, on July 19, 2010, the Inmate Appeals Branch informed Mr. Basra that he had exhausted his administrative remedies.

36. On June 28, 2010, a CMC correctional officer issued Mr. Basra a third RVR for violating section 3062(h) by having a beard longer than one-half inch on June 28, 2010. This time, the RVR was classified as "serious." At the hearing on July 10, 2010, Mr. Basra pled not guilty, and informed the Senior Hearing Official that his unshorn beard is a central part of his religious beliefs. The Senior Hearing Official found Mr. Basra guilty, assessed him 40 hours of extra duty, 30 days of disciplinary credit forfeiture, and 10 days confinement to quarters. The Senior Hearing Official also referred Mr. Basra to the Unit Classification Committee with a recommendation of review for program failure and temporarily modified Mr. Basra's privileges for a period of 90 days. During this 90 day period, Mr. Basra was denied family visits; limited to one-fourth of the maximum canteen draw; allowed telephone calls only on an emergency basis; denied access to the yard and other recreational activities; denied accrual of excused time off; denied special and quarterly packages; and denied special canteen purchases. Mr. Basra appealed the charge through all three levels of administrative review. More than

60 working days have passed since the CDCR Appeals Chief received Mr. Basra's third level appeal, and Mr. Basra has therefore exhausted his administrative remedies.

37. On July 19, 2010, Mr. Basra submitted to Defendant Gonzalez a request that the CDCR exempt him from the grooming policy and allow him to maintain his beard untrimmed. In this exemption request, he informed the warden that maintaining unshorn facial hair is part of his religious belief and practice. In a letter dated July 28, 2010, the CDCR denied Mr. Basra's request, stating in pertinent part:

> [Y]ou are not being discriminated against, as you allude to in your letter.... You are being treated the same as the other inmates at CMC.... You may have a beard, but you must keep it trimmed to no more than one-half inch in length. There is no provision in the CCR, Title 15 for the Warden to exempt the grooming standards.

38. Other than the disciplinary action that Mr. Basra has suffered as a result of his desire to practice his religion by maintaining an unshorn beard, Mr. Basra has an exemplary prison disciplinary record.

39. Mr. Basra's ability to maintain his privileges at the CMC and to avoid transfer to a more restrictive and/or higher security setting depends largely upon Mr. Basra's continued good behavior and lack of CDCR discipline. Each time that Mr. Basra is disciplined, he receives a number of "points." As these points accrue, they affect his classification and may cause the CDCR to transfer him to a higher level security unit.

## VIOLATIONS ALLEGED

40. The United States incorporates by reference the allegations set forth in Paragraphs 17 through 39 as if fully set forth herein.

41. The acts and omissions alleged in Paragraphs 17 through 39 constitute a violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc.

42. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions set forth in Paragraphs 17 through 39 that violate the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, and will cause irreparable harm to Plaintiff Sukhjinder S. Basra

## PRAYER FOR RELIEF

43. The United States is authorized, pursuant to 42 U.S.C. § 2000cc-2(f), to seek injunctive and declaratory relief.

WHEREFORE, the United States prays that this Court enter an order:

 a. Declaring that the acts and omissions set forth in Paragraphs 17 through 39 above constitute a violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc;

 b. Permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts and omissions set forth in Paragraphs 17 through 39 above, and requiring Defendants to permit Plaintiff Basra to wear his facial hair unshorn, without penalty, while in the custody of the CDCR; and

 c. Granting such other and further equitable relief as the Court may deem just and proper.

Respectfully submitted,

_____
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

_____
SAMUEL R. BAGENSTOS
Principal Deputy Assistant
Attorney General
Civil Rights Division

_____
JONATHAN M. SMITH
Chief
Special Litigation Section

_____
TIMOTHY D. MYGATT
Special Counsel
Special Litigation Section

_____
EMILY A. GUNSTON
SAMANTHA K. TREPEL
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-6255

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, Civil Rights Unit

*/s/ Erika John Brooks*
ERIKA JOHNSON-BROOKS