

THOMAS E. PEREZ
Assistant Attorney General
SAMUEL R. BAGENSTOS
Principal Deputy Assistant Attorney General
JONATHAN SMITH (DC Bar # 396578)
Chief, Special Litigation Section
TIMOTHY D. MYGATT (PA Bar # 90403)
Special Counsel
EMILY A. GUNSTON (SBN 218035)
SAMANTHA K. TREPEL (DC Bar #992377)
Trial Attorneys
    United States Department of Justice
    Civil Rights Division
    Special Litigation Section
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20530
    Telephone: (202) 514-6225
    Facsimile: (202) 514-4883
    Email: timothy.mygatt@usdoj.gov
    emily.gunston@usdoj.gov
    samantha.trepel@usdoj.gov

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Chief, Civil Rights Unit
ERIKA JOHNSON-BROOKS (SBN 210908)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-0474
    Facsimile: (213) 894-7819
    Email: erika.johnson@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

SUKHJINDER S. BASRA,    )
                        )    No. 2:11-cv-01676 SVW (FMOx)
    Plaintiff,       )
                        )    MEMORANDUM OF POINTS AND
UNITED STATES OF AMERICA,   )    AUTHORITIES IN SUPPORT OF
                        )    UNITED STATES' MOTION TO

1

1    Applicant for Intervention,    )    INTERVENE PURSUANT TO THE
                                     )    RELIGIOUS LAND USE AND
2                    v.              )    INSTITUTIONALIZED PERSONS
                                     )    ACT, 42 U.S.C. § 2000cc
3                                    )    (CIVIL RIGHTS)
     CATE, *et al*.;                 )
4                                    )
                                     )
5    Defendants.                     )    Date: April 25. 2011
                                     )    Time: 1:30 p.m.
6                                         Courtroom: 6
7                                         The Judge Stephen V. Wilson
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# **TABLE OF CONTENTS**

2

I.    INTRODUCTION ................................................................................ 6

II.   FACTUAL BACKGROUND AND STATEMENT OF THE CASE ................. 6

III.  APPLICABLE LEGAL STANDARDS ................................................... 8
     A. RLUIPA ...................................................................................... 8
     B. Intervention Pursuant to Rule 24 .............................................. 9

IV.  ARGUMENT ...................................................................................... 10
     A. The United States Is Entitled to Intervention of Right .............. 10
        1. The United States' Motion for Intervention Is Timely ............. 11
        2. The United States Has a Protectable Interest ........................ 12
        3. This Case Will Impair the United States' Ability To Protect Its
          Interest ............................................................................... 14
        4. The Existing Parties Will Provide Inadequate Representation of the
          United States' Interest ......................................................... 15
     B. This Court Should Grant Permissive Intervention .................... 17

V.   CONCLUSION ................................................................................... 19

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF AUTHORITIES

2  Cases

3  *AB v. Rhinebeck Central School Dist.*, 224 F.R.D. 144, 157 (S.D.N.Y.
4     2004)......................................................................................................... 14

   *Arakaki v. Cavetano*, 324 F.3d 1078, 1084 (9th Cir. 2003).................. 11, 12, 13, 15
5  *C.S. ex rel. Struble v. California Dep't of Educ.*, No. 08cv226, 2008
6     WL 962159, at **4-5 (S.D. Cal. Apr. 8, 2008)...................................... 15
7  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444-45 (9th
8     Cir. 2006).................................................................................................. 16

   *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981) .............. 11
9  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)................................ 17, 18
10 *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499
11    (9th Cir. 1995) ........................................................................................ 16
12 *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303
13    (9th Cir. 1997) .................................................................................. 11, 16, 18

   *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir.
14    1996)............................................................................................ 11, 12, 15, 17
15 *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v.
16    United States*, 921 F.2d 924, 926 (9th Cir. 1990) ................................ 11
17 *Sierra Club v. E.P.A.*, 995 F.2d 1478, 1484 (9th Cir. 1993)................................ 13

   *Smith v. Marsh*, 194 F.3d 1045, 1050 (9th Cir. 1999) ........................... 11
18 *Smith v. Pangilinan*, 651 F.2d 1320, 1324-25 (9th Cir. 1981)................................ 14
19 *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir.
20    2001)......................................................................................................... 10
21 *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S. Ct.
22    630, 30 L. Ed. 2d 686 (1972) .................................................................. 15
23 *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1147 (9th Cir.
24    2010)......................................................................................................... 10

   *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).......... 12, 13
25 *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir.
26    2002).............................................................................................. 13, 15, 16

   *Utica Mut. Ins. Co. v. Hamilton Supply Co.*, No. C 06-07846 SI, 2007
27    WL 3256485, at *3 (N.D. Cal. Nov. 5, 2007)...................................... 12
28 *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989)........................... 18

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) ............................................................................ 10

**STATUTES**

42 U.S.C. § 2000cc ...................................................... passim
Fed. R. Civ. P. 24 ........................................................ passim

# I. INTRODUCTION

The United States of America is authorized by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, to intervene or bring an action to enforce compliance with that statute, but seeks to intervene in the present action in the interests of judicial economy.  42 U.S.C. § 2000cc-2(f).  Accordingly, the United States of America, by and through its undersigned counsel, submits this Memorandum of Points and Authorities in support of its Motion to Intervene in the matter of *Basra v. Cate, et al.*, No. 2:11-cv-01676 SVW (FMOx) (C.D. Cal., filed Feb. 25, 2011).  Plaintiff Basra, a prison inmate under the control of Defendants, has asserted a claim under RLUIPA alleging that Defendants are violating his right to maintain his beard unshorn in accordance with the dictates of his Sikh faith.  For the reasons that follow, the United States respectfully requests this Court to grant its Motion to Intervene, permit the United States to bring its own claim to enforce compliance with RLUIPA, and permit the United States to participate in any preliminary injunction hearing.

# II. FACTUAL BACKGROUND AND STATEMENT OF THE CASE

Plaintiff Sukhjinder S. Basra is a lifelong practitioner of the Sikh faith.  Pursuant to his sincerely held religious beliefs, Mr. Basra maintains his hair and beard uncut and unshaved.  A fundamental requirement of Sikhism is that its practitioners maintain their hair, including facial hair, unshorn.  In the Sikh faith, trimming one's hair or beard is a grave violation.  The practice of maintaining one's hair unshorn, or *Kesh*, signifies respect for the will of God.  Compelling a Sikh to cut his hair or trim his beard forces him to violate a central tenet of his religion.   U.S. Complaint, *Basra v. Cate*, No. 2:11-cv-01676 SVW (FMOx) (C.D. Cal.) ¶¶ 22-24 (hereinafter "U.S. Compl.").   By requiring Mr. Basra to cut his beard, Defendants compel him to violate his religious beliefs in contravention of federal law.

1   Mr. Basra is currently in the custody of the California Department of
2 Corrections and Rehabilitation ("CDCR"), which initially placed him at the
3 Pleasant Valley State Prison ("PVSP"), where he lived in a locked, two-man cell.
4 After one year of discipline-free incarceration at PVSP, the CDCR transferred
5 Mr. Basra to the minimum security facility at the California Men's Colony
6 ("CMC") on or about February 26, 2010. *Id.* ¶ 21. He lives there in an unlocked,
7 90-person dormitory room. *Id.*

8   Mr. Basra suffered no disciplinary action for the entire time the CDCR
9 incarcerated him at PVSP, despite the fact that Mr. Basra practiced his religion by
10 maintaining an unshorn beard. *Id.* ¶ 30. Once in a lower-security setting at the
11 CMC, however, the CDCR began disciplining Mr. Basra for maintaining his beard
12 at longer than one-half inch in length. *Id.* ¶¶ 21, 33. Since that time, Defendants
13 have subjected Mr. Basra to progressively more severe disciplinary actions for
14 failing to comply with their grooming policy, in violation of Mr. Basra's rights. *Id.*
15 ¶ 33. Accordingly, on February 25, 2011, Mr. Basra filed this lawsuit. *See*
16 Complaint, *Basra v. Cate*, No. 2:11-cv-01676 SVW (FMO) (C.D. Cal. Feb. 25,
17 2011), ECF No. 1. On March 3, 2011, Mr. Basra filed a motion for a preliminary
18 injunction. Mot. for Prelim. Inj., *Basra v. Cate*, No. 2:11-cv-01676 SVW (FMO)
19 (C.D. Cal. Mar. 3, 2011), ECF No. 7.

20   The United States opened an investigation regarding these same allegations
21 on August 12, 2010. Pursuant to Fed. R. Civ. P. 24, the United States now moves
22 this Court for an order granting intervention to assert its own claim to enforce
23 compliance with RLUIPA.[1] RLUIPA gives the United States jurisdiction to

---

24 [1] Pursuant to Rule 24(c), the United States has attached its proposed Complaint in
25 Intervention, which sets out the claim for which intervention is sought, and names
26 the State, Governor, the CDCR, and the CMC as additional defendants. These
27 additional defendants are the appropriate defendants to a RLUIPA claim, as
28 RLUIPA provides that no "government" shall impose a substantial burden on an
inmate's religious practice. 42 U.S.C. § 2000cc-1(a). Pursuant to Rule 20(a)(2),

enforce that statute by instituting or intervening in an action to seek injunctive or declaratory relief.  42 U.S.C. § 2000cc-2(f).  As RLUIPA charges the United States with the statute's enforcement, the United States seeks intervention to protect the public's interests in Mr. Basra's RLUIPA rights, the correct application of RLUIPA to the CDCR generally, and the uniform interpretation and application of RLUIPA nationally.

## III.  APPLICABLE LEGAL STANDARDS

### A.    RLUIPA

RLUIPA provides that no state or locally-owned institution, including correctional facilities, "shall impose a substantial burden on the religious exercise of a [resident]."  42 U.S.C. § 2000cc-1(a).  This prohibition includes a substantial burden on religious exercise resulting from a rule of general applicability.  *Id.* "Religious exercise" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A).

To overcome this prohibition on religious burdens, a government must demonstrate that the burden is:  (1) "in furtherance of a compelling governmental interest;" and (2) "the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).

---

joinder of these defendants is proper because the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions of occurrences, namely their imposition of a substantial burden on Mr. Basra by compelling him to cut his beard in violation of his religious beliefs and practices, and the RLUIPA claim presents a question of law or fact common to all defendants.

RLUIPA gives the United States jurisdiction to enforce § 2000cc-1 by instituting or intervening in an action for injunctive or declaratory relief.  42 U.S.C. § 2000cc-2(f).

**B.    Intervention Pursuant to Rule 24**

Rule 24 of the Federal Rules of Civil Procedure controls intervention, providing for "Intervention of Right" and "Permissive Intervention":

> **(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who: . . .
>
> > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention**. . . .
>
> > **(2)  By a Government Officer or Agency**. On timely motion, the court may permit a federal . . . governmental officer or agency to intervene if a party's claim or defense is based on:
> >
> > > **(A)** a statute or executive order administered by the officer or agency . . .
> >
> > **(3) Delay or Prejudice**. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

9

# IV. ARGUMENT

This Court should grant the United States' Motion to Intervene because the United States satisfies both the requirements to intervene as of right and for permissive intervention. First, this Court should permit the United States to intervene as of right because (1) the United States has timely filed its Motion to Intervene; (2) it has a significant, legally protectable interest in the proceedings; (3) that interest may be impaired by the disposition of the case; and (4) the existing parties will not adequately protect its interest in the proper and uniform enforcement of RLUIPA. In the alternative, this Court should grant the United States' Motion to Intervene under Federal Rule of Civil Procedure 24(b) because its motion is timely, it is a governmental agency charged with enforcing the statute on which Plaintiff's claim is based, and it will not unduly delay or prejudice the adjudication of the case.

## A. The United States Is Entitled to Intervention of Right

When analyzing a motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) , the Ninth Circuit applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011); *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1147 (9th Cir. 2010). Courts construe Rule 24(a) "liberally in favor of potential intervenors." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001); *see also Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d

10

1  924, 926 (9th Cir. 1990).   The United States' application for intervention as of
2  right satisfies all four requirements.

### 1. The United States' Motion for Intervention Is Timely

4          To determine whether a motion for intervention is timely, the Ninth Circuit
5  considers three factors: "(1) the stage of the proceeding at which the applicant
6  seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and
7  length of the delay." *Smith v. Marsh*, 194 F.3d 1045, 1050 (9th Cir. 1999).
8  Whether an application is timely is left to the Court's discretion. *Dilks v. Aloha*
9  *Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981).   For intervention of right, "the
10 timeliness requirement for intervention . . . should be treated more leniently than
11 for permissive intervention because of the likelihood of more serious harm."
12 *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

13         Here, the United States' application is timely.   The litigation is in the earliest
14 stages:   Plaintiffs filed their complaint just over two weeks ago, and a preliminary
15 injunction motion just over one week ago.   Defendants have yet to file a responsive
16 pleading or motion, and discovery has not begun. *See Arakaki v. Cavetano*, 324
17 F.3d 1078, 1084 (9th Cir. 2003) (motion to intervene timely when filed three
18 weeks after plaintiffs' complaint); *Nw. Forest Res. Council v. Glickman*, 82 F.3d
19 825, 837 (9th Cir. 1996) (motion to intervene timely when filed less than one week
20 after plaintiff filed its claim, before defendant filed an answer, and before any
21 proceedings had taken place); *cf. Smith*, 194 F.3d at 1050-51 (motion to intervene
22 untimely when filed 15 months after complaint, and court had ruled on summary
23 judgment motion, and set discovery deadlines and trial date); *League of United*
24 *Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (motion to
25 intervene untimely when filed 27 months after complaint, court had issued
26 preliminary injunction, four other parties had successfully intervened, defendant
27 had filed answer, and court issued order on motion for summary judgment).

28

Granting the instant motion at this early stage will not cause any significant delay in the proceedings nor require this Court to revisit any settled issues. It will thus not cause any prejudice to the parties. *Nw. Forest Res. Council*, 82 F.3d at 837 (no prejudice when motion to intervene filed before district court had made any substantive rulings). Finally, the length of and reason for any delay supports the United States' intervention, as the United States has moved expeditiously to intervene within just over a week following Plaintiff's filing of the complaint. *See Arakaki*, 324 F.3d at 1084; *Utica Mut. Ins. Co. v. Hamilton Supply Co.*, No. C 06-07846 SI, 2007 WL 3256485, at *3 (N.D. Cal. Nov. 5, 2007) (motion to intervene timely when filed two months after receiving actual notice of lawsuit).

## 2. The United States Has a Protectable Interest

The United States has a significantly protectable interest under Rule 24 because it has a right to bring a claim to protect Mr. Basra's religious exercise pursuant to RLUIPA, and because it has an interest in the uniform application of RLUIPA nationally. After timeliness, intervention of right requires that the United States have a significantly protectable interest. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The United States satisfies this requirement because: (1) it has an interest in its own enforcement of Mr. Basra's RLUIPA rights, as well as the correct application of RLUIPA to the CDCR generally, and the uniform application of RLUIPA nationally; (2) these interests are protected by RLUIPA, the same statutory basis for the claim asserted by Mr. Basra; and (3) these interests relate to the same factual circumstances as Mr. Basra's RLUIPA claim.

Regarding an interest protected by law, RLUIPA grants the United States the authority to bring suit to enforce compliance with that statute. 42 U.S.C.

2000cc-2(f). Accordingly, the United States has an enforcement interest in any violation of Mr. Basra's RLUIPA rights. Indeed, the United States has an open investigation into these same allegations. Additionally, this enforcement authority gives the United States an overarching interest in the correct application of RLUIPA to the CDCR generally, and in the uniform application of RLUIPA nationally.

The United States therefore has a significantly protectable interest in Mr. Basra's RLUIPA lawsuit because its interest is "protected by the statute under which the litigation is brought." *Arakaki*, 324 F.3d at 1085 (citing *Sierra Club v. E.P.A.*, 995 F.2d 1478, 1484 (9th Cir. 1993) ("We ordinarily do not require that a prospective intervenor show that the interest he asserts is one that is protected by the statute under which the litigation is brought. It is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.")). Even without this "interest protected by the statute under which the litigation is brought," the United States has a protectable interest in the terms and scope of any injunctive relief granted by this Court because of its enforcement authority under RLUIPA. *See United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (finding party had protectable interest in the parameters of an injunctive remedy).

Regarding the relationship between the United States' interest and Mr. Basra's claim, our interest obviously "relate[s] to the underlying subject matter of the litigation," *Alisal Water Corp.*, 370 F.3d at 920, because the United States bases its RLUIPA claim both on the facts asserted by Mr. Basra and its own investigation of those same factual circumstances.

As the United States' claim proceeds under the same statute and involves the same facts as Mr. Basra's RLUIPA claim, this Court should find that the United States satisfies the "protectable interest" requirement.

### 3. This Case Will Impair the United States' Ability To Protect Its Interest

The next intervention of right requirement asks whether Mr. Basra's lawsuit may, as a practical matter, impair or impede the United States' ability to protect its interest. While the United States has an interest in Mr. Basra's particular RLUIPA claim, it has additional interests in the correct application of RLUIPA to the CDCR generally, and in the uniform application of RLUIPA nationally. An unfavorable ruling could preclude factual and legal arguments in any future RLUIPA cases against Defendants. Ninth Circuit law holds that the practical preclusive effect of a proceeding on future litigation satisfies the requirement that the lawsuit impair the ability of a prospective intervenor to protect its interest. *See United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) (finding state mental health facility residents had right to intervene in United States' action challenging facility conditions, because factual and legal determinations regarding facility conditions would have persuasive stare decisis effect in subsequent litigation by residents); *Smith v. Pangilinan*, 651 F.2d 1320, 1324-25 (9th Cir. 1981) (finding Attorney General, charged with administering immigration, had protected interest in construction and application of immigration law, and that Attorney General had right to intervene because of a possible stare decisis impairment); *AB v. Rhinebeck Central School Dist.*, 224 F.R.D. 144, 157 (S.D.N.Y. 2004) (granting intervention of right to United States to protect its interest in preventing adverse judgment that could interfere with United States' ability to enforce Title IX). Thus, the United States satisfies the impairment of ability to protect its interest requirement.

14

### 4. The Existing Parties Will Provide Inadequate Representation of the United States' Interest

The existing parties to this lawsuit do not represent the United States' interests adequately, satisfying the final requirement for intervention as of right. The burden of establishing inadequacy of representation is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972); *see also Arakaki*, 324 F.3d at 1086 (quoting *Trbovich*, 404 U.S. at 538 n.10).   Moreover, an applicant need not demonstrate with certainty that the existing parties will inadequately represent its interests, only that such representation "may be" inadequate. *Arakaki*, 324 F.3d at 1086 (quoting *Trbovich*, 404 U.S. at 538 n.10) (internal quotation marks omitted); *City of Los Angeles*, 288 F.3d at 398.  To determine whether the existing parties may provide inadequate representation, this Court should consider whether:  (1) "the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments;" (2) "the present party is capable of and willing to make such arguments;" and (3) "the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838 (citations omitted).  Given the United States' additional interests in the application of RLUIPA, the United States satisfies the inadequate representation element.

As stated above, the United States' interests go beyond Mr. Basra's individual interest in his religious exercise, to the correct application of RLUIPA to the CDCR generally and the uniform application of RLUIPA nationally.  Thus, Mr. Basra may not make all of the United States' arguments for the application of RLUIPA because our interests are "not identical." *C.S. ex rel. Struble v. California Dep't of Educ.*, No. 08cv226, 2008 WL 962159, at \*\*4-5 (S.D. Cal. Apr. 8, 2008) (finding that party would not "undoubtedly make all of" intervenor's arguments, because their interests were "not identical").  Nor does the United

States have the "same ultimate objective," because the United States is not merely interested in protecting Mr. Basra's rights, but is also interested in ensuring that the correct standard is applied generally. *Wilson*, 131 F.3d at 1305 (finding presumption of adequate representation exists if the parties have the "same ultimate objective").

The case law concerning private parties attempting to intervene in government lawsuits provides an additional basis for determining that Mr. Basra will not adequately represent the United States' interests.  There is a presumption that a government entity will adequately represent an intervenor when the government is acting pursuant to its lawful authority to represent the interests of a prospective intervenor. *City of Los Angeles*, 288 F.3d at 401-02.  Nevertheless, Courts have found that intervention applicants that have "more narrow, parochial interests" than the government, and thus have interests unprotected by the government. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995).  In the instant case, the reverse is true.  Mr. Basra's "narrow, parochial" interest in his religious exercise will not adequately represent the United States' more expansive interests in a potentially broader interpretation of RLUIPA and in more comprehensive injunctive relief against Defendants.  Arguments for an expansive construction of a statute are not mere "differences in litigation strategy" but constitute a "point of view to the litigation not presented by either the plaintiff[] or the defendants." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444-45 (9th Cir. 2006) (finding that intervenors' broad interpretation of statute was not protected by more limited interpretation asserted by government-party).  Accordingly, Mr. Basra cannot and should not be expected to represent the public interest on behalf of the United States.  Given the United States' divergent interest in a uniform and possibly more expansive application and interpretation of RLUIPA, the United States satisfies the inadequate representation element.

16

1              *     *     *

2          In sum, this Court should grant the United States' application for

3    intervention of right because:  (1) the application is timely and will not cause the

4    parties undue prejudice; (2) the United States has a significantly protectable

5    interest in its own RLUIPA claim, which directly relates to Mr. Basra's RLUIPA

6    claim, as well as in the uniform application and interpretation of the RLUIPA

7    statute; (3) this lawsuit threatens to impair these protectable interests; and (4) the

8    present parties may not adequately represent the United States' interests because

9    the interests of the United States are broader than those of Plaintiff.

10
## B. This Court Should Grant Permissive Intervention
11

12        In the alternative, the Court should grant the United States permissive

13   intervention under Rule 24(b).  Rule 24(b) specifically addresses permissive

14   intervention by the United States, stating that, upon a timely motion, a court may

15   permit a United States agency to intervene if a party's claim or defense is based on

16   a statute administered by the United States' agency. Fed. R. Civ. P. 24 (b)(2)(A).[2]

17   If this condition is met, the question of whether a party will be allowed to intervene

18   is within the sound discretion of the trial court. *See Donnelly v. Glickman*, 159

19   F.3d 405, 409 (9th Cir. 1998).  "In exercising its discretion the court must consider

20   whether the intervention will unduly delay or prejudice the adjudication of the

21   original parties' rights." Fed. R. Civ. P. 24(b)(3).  Because RLUIPA charges the

22   United States with its enforcement, and Mr. Basra asserts a claim under RLUIPA,

23   _____
[2] Courts have required that non-government intervenors seeking permissive
24   intervention establish an independent ground for jurisdiction. *See Nw. Forest Res.*
25   *Council*, 82 F.3d at 839.  To the extent this requirement applies to a government
     charged with administering a statute at issue in the litigation, RLUIPA's grant of
26   authority to the United States to enforce the statute supplies the necessary
27   independent jurisdiction.
28

1 | this Court should consider whether the United States' intervention is timely, and
2 | whether intervention will cause undue delay or prejudice the parties' rights.

3 |     Regarding the timeliness requirement for permissive intervention, this Court
4 | should analyze "precisely the same three factors" as for intervention of right.
5 | *Wilson*, 131 F.3d at 1308 (adding that the analysis for permissive timeliness is
6 | more strict). Thus, as outlined in the intervention of right analysis above, the
7 | United States' application is timely. *See* Part IV.A.1, *supra*.

8 |     Nor will the United States' intervention "unduly delay or prejudice the
9 | adjudication of the original parties' rights." Fed. R. Civ. P. 24 (b)(3). As detailed
10 | above, the United States' RLUIPA claim will not cause the parties to relitigate
11 | previously decided issues and will not cause any significant delay in the
12 | proceedings. *See* Part IV.A.1, *supra*. The United States' RLUIPA claim is not "in
13 | direct opposition" to Mr. Basra; indeed, the claims share a "common factual
14 | proof." *Donnelly*, 159 F.3d at 412 (upholding denial of intervention based on lack
15 | of common factual proof). Thus, intervention would not prejudice the parties by
16 | creating a "whole new lawsuit." *See id.*

17 |     Finally, given that RLUIPA authorizes the United States to file its own
18 | separate action to enforce Mr. Basra's RLUIPA rights, permitting intervention will
19 | promote judicial economy. *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989)
20 | (finding "judicial economy is a relevant consideration in deciding a motion for
21 | permissive intervention").

22 |     In sum, this Court should grant the United States permissive intervention
23 | because: (1) Mr. Basra's RLUIPA claim involves a statute that charges the United
24 | States with its enforcement; (2) the United States' intervention is timely; and (3)
25 | intervention will not cause undue delay or prejudice, but rather promote judicial
26 | economy.

27

28

18

# V. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its Motion to Intervene, permit the United States to bring its own claim to enforce compliance with RLUIPA, and permit the United States to participate in any preliminary injunction hearing.

Respectfully submitted,


s/ Thomas E. Perez
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division


s/ Samuel R. Bagenstos
SAMUEL R. BAGENSTOS
Principal Deputy Assistant
Attorney General
Civil Rights Division


ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, Civil Rights Unit


s/ Erika Johnson-Brooks
ERIKA JOHNSON-BROOKS


s/ Jonathan M. Smith
Chief
Special Litigation Section

19

s/ Timothy D. Mygatt
Special Counsel
Special Litigation Section


s/ Emily A. Gunston
EMILY A. GUNSTON
SAMANTHA K. TREPEL
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

## CERTIFICATE OF SERVICE

I certify that the foregoing Memorandum of Points and Authorities in Support of United States' Motion to Intervene was served on March 15, 2011, to the following individuals:

Through the electronic filing service:

Cassandra E. Hooks
Jonathan M. Gordon
Leib Mitchell Lerner
Alston & Bird LLP

Peter J. Eliasberg
ACLU Foundation of Southern California

Daniel Mach
American Civil Liberties Union,
Program on Freedom of Religion and Belief

Harsimram Kaur Dang
The Sikh Coalition

Attorneys for Plaintiff

By U.S. Mail:

Matthew Cate
c/o Legal Office
1515 "S" Street
Room 314-S
Sacramento, CA  95811

Warden Terri Gonzalez
c/o Andrew Pitoniak
Litigation Coordinator
Men's Colony
Highway 1
San Luis Obispo, CA  93409
Defendants